## SAVARIN v. UNION PAC. R. CO. et al.

(District Court, D. Minnesota, Second Division. May 31, 1923.)

**I. Removal of causes ⬳86(10)—Allegations of petition admitted when not controverted.**

Where allegations of petition for removal of cause to federal court, tending to show that allegations bringing action within federal Employers' Liability Act (Comp. St. §§ 8657–8665) were made fraudulently to prevent removal, are not denied, they stand admitted.

**2. Removal of causes ⬳86(2)—Petition held to show statement of cause of action under statute was fraudulent.**

In action against railroad company and another company for injuries, on allegations that they were jointly operating railroad in interstate commerce and that plaintiff was in their employ and while engaged in his duties was struck and injured by engine being used in interstate commerce, petition for removal, showing that plaintiff was not employed by railroad company, but by the other company whose sole business was that of renting refrigerator cars and was not engaged in commerce at all, and alleging that allegations of the complaint were false and fraudulent, *held* to show that the allegations of complaint and joinder of the two defendants were for fraudulent purpose of preventing removal.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Attorney and client ⊚⇒32—Improper for attorney to commence different actions on same cause of action in different places.**

It is contrary to professional ethics, propriety, and decency, and a practice justifying disciplinary steps, for attorneys to commence several actions on same cause of action in different places, thus requiring defendants to retain counsel and appear and answer in each case, and, if cases are removable, to effect removal of each, thus increasing work of clerks' office and congesting the calendars.

At Law. Action by Harry Savarin against the Union Pacific Railroad Company and another. On motion to remand to state court. Motion denied.

The above-entitled matter came before the court on a motion on behalf of the plaintiff to remand the same to the state court on the ground that said action is not one that is removable, and that the petitions of the defendants for removal do not state facts sufficient to show any right of removal. The motion is made upon the petitions of the defendants herein for the removal of said action, the motion therefor, and all the other files and records in said action, and upon the plaintiff's complaint therein.

Barton & Kamuchey, of St. Paul, Minn., for plaintiff.
Sanborn, Graves & Ordway, of St. Paul, Minn., for defendants.

McGEE, District Judge. This is a personal injury action commenced in the district court of Faribault county, Minn., on the 13th day of January, 1923.

The defendant caused the action to be removed to this court on the ground of diverse citizenship of the parties.

The plaintiff moves to remand the case to the state court on the ground that said action is not one that is removable and that the petitions of the defendants for removal do not state facts sufficient to show any right of removal.

The defendants, resisting the motion to remand, contend that the plaintiff for the purpose of defeating their right to remove the case from the state to the federal court has fraudulently joined with the defendant Union Pacific Railroad Company, the defendant Pacific Fruit Express Company, falsely alleging that the latter corporation jointly with the Union Pacific Railroad Company is operating the lines of the latter company and is a common carrier engaged in interstate commerce, when in truth and in fact the defendant Pacific Fruit Express Company is not and never was a common carrier in interstate commerce or otherwise, but was the owner of refrigerator cars which it rented to various railroads throughout the United States, including the defendant Union Pacific Railroad Company, and that the plaintiff was an employee of said defendant Pacific Fruit Express Company and was not employed by and had no connection whatever with the defendant Union Pacific Railroad Company.

The complaint alleges:

"That the defendants, and each of them, now are, and at and during all the times herein mentioned and referred to have been, corporations, and as such they now do, and at and during all the times herein mentioned and re-

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ferred to have, jointly and severally operated by steam power, and as common carriers, lines of railroad running in and through many states, and especially the state of Wyoming.

"That the defendant, the Union Pacific Railroad Company, during all of said times, has owned, as such common carrier, the said line of railway so jointly and severally operated by said defendants.

"That at and during all of said times, the defendant Pacific Fruit Express Company has owned many refrigerator cars which the defendants, during said times, have jointly operated over the said line of railway so owned by said railroad company.

"That at the city and station of Laramie, in the said state of Wyoming, the defendant railroad company, during all of said times, owned and maintained certain railroad tracks and an elevated platform, upon which tracks refrigerator cars were placed to be iced and from which platform ice was put in said cars which were owned and operated by defendants over the said line of railway. That the said refrigerator cars so supplied with ice were, at and during all of said times, used in hauling interstate commerce.

"That on and for some time prior to October 25, 1922, this plaintiff was in the employ of said defendants, and each of them, and as such employee was engaged at said city of Laramie in putting ice into refrigerator cars owned and operated by said defendants. That plaintiff's said labor was performed on and about the said railway tracks and elevated platform, and plaintiff slept and ate his meals in buildings owned and maintained by said defendants, which buildings were situated close to the place where plaintiff performed his said work, and upon the right of way and property of the said railroad company."

The complaint then alleges that while engaged in the performance of his duties as such employee, and while he was necessarily passing over one of said railway tracks, he was run down and seriously injured by an engine owned by the defendants.

The complaint also alleges that the refrigerator cars so operated by the defendants and each of them were, at the time plaintiff was injured, being used "in hauling interstate commerce"; and that plaintiff and defendants, at the time the plaintiff was injured as aforesaid, were engaged in interstate commerce.

The petitions for removal in their allegations are practically identical, and allege that the plaintiff is a citizen and resident of the state of Wyoming; that the defendants are citizens and residents of the state of Utah; that the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $3,000; that the suit is of a civil nature; that the time for answering the complaint had not yet expired; and then alleges:

"That all the said allegations hereinbefore quoted from the complaint filed by the plaintiff herein are false and are and were at the time said complaint was filed known by the plaintiff to be false; that said allegations were and are fraudulently made by plaintiff in his said complaint for the sole purpose of preventing your petitioner and the defendant Pacific Fruit Express Company from removing the above-entitled suit to the United States District Court."

The petition further alleges specific facts in considerable detail, which amply sustain the charge contained in the petition that the allegations quoted therein from the complaint are false, and were known by the plaintiff at the time they were made to have been false, and were made for the purpose last above stated.

Stated as briefly as possible, the petitions allege that the defendant Pacific Fruit Express Company owns a number of refrigerator cars,

which it rents to different railroads and maintains icing stations at certain points on such railroads for the purpose of icing said refrigerator cars; that the business of the Fruit Express Company at all times has been, and is, limited solely and exclusively to the rental of said refrigerator cars to the railroads of the United States, including the Union Pacific Railroad Company; that said Pacific Fruit Express Company did not at any time mentioned in the complaint, and does not now, own, control, or operate alone or jointly with the Union Pacific Railroad Company or with any other railroad company operated by steam power or by any other means, as common carrier or otherwise, any line of railroad through the state of Wyoming or elsewhere; that the defendant Pacific Fruit Express Company did not at any of said times, and does not now, jointly or severally, alone or jointly with any other railroad, own, operate, control, or have any interest in any motive power or other means of transportation or conveyance; that said Pacific Fruit Express Company is not now, and never was, engaged as a common carrier, by railroad or otherwise, in commerce between any of the several states or territories, or between any of the states and territories, or between the District of Columbia or any of the states or territories, and any foreign nation or nations, or any commerce interstate, intrastate, foreign, or of any character whatsoever; that the plaintiff on the date when he was injured, and for some time prior thereto, was employed by the Pacific Fruit Express Company, and was not at any of the times mentioned by plaintiff in his complaint, and was not on the 25th of October, 1922, and was not at the time he suffered the injuries mentioned in his complaint, in the employ or subject to any direction or control of petitioner the Union Pacific Railroad Company or in any manner connected with said railroad company; that, on the contrary, at all of said times plaintiff was an employee of and under the sole and exclusive direction, supervision, and control of defendant Pacific Fruit Express Company; and was at all of said times paid and compensated solely and exclusively by said Pacific Fruit Express Company, and that at the time plaintiff suffered said injuries he was not employed by petitioner Union Pacific Railroad Company in interstate commerce, and that in fact and in truth said plaintiff was not at any of said times employed by said petitioner Union Pacific Railroad Company at all, or in any capacity; that the allegations of plaintiff's complaint quoted herein were made without the purpose or intention of proving the same, and that the same constitutes a mere fraudulent device, the purpose of which is to prevent the defendants from removing the above-entitled case to the United States District Court, and plaintiff knew, and now knows, that at the time he suffered his said injuries he was not employed by the petitioner Union Pacific Railroad Company, and that at said time, nor at any other time, was defendant Pacific Fruit Express Company engaged as a common carrier by railroad in interstate commerce.

The petitions are verified by the oaths of Douglas F. Smith, one of the attorneys of the Union Pacific Railroad Company, and Thos. W. Boches, one of the attorneys for the Pacific Fruit Express Company,

respectively, who state that they know the contents thereof, and that the statements therein contained are true as they verily believe.

The allegations of the petitions are fully supported by the affidavits of D. C. Olmstead, assistant to the general manager of the Union Pacific Railroad Company, and George G. Wall, superintendent of refrigeration of the Pacific Fruit Express Company, which affidavits were verified on the 3d day of April, 1923, served on the plaintiff's attorneys on the 6th day of April, 1923, and read on the hearing herein on April 14, 1923. The plaintiff, standing on the allegations of an unverified complaint, has made no counter-showing.

[1, 2] The failure of the plaintiff to deny the allegations of the petitions for removal admits the facts alleged, and I therefore find that the facts so alleged bearing upon the question of the joinder of the defendants are true, and that the joinder was for the fraudulent purpose stated in said petition. The case of Wilson v. Republic Iron & Steel Co., 257 U. S. 92, 98, 42 Sup. Ct. 35, 37 (66 L. Ed. 144), is decisive on that point. In that case the court said:

"Here but for the joinder of the coemployee the case plainly was one which the employer was entitled to have removed into the District Court on the ground of diverse citizenship; and, if the showing in the petition for removal be taken as true, it is apparent that the coemployee was joined as a defendant without any purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the employer's right of removal. This is the rational conclusion from the facts appropriately stated, apart from the pleader's deductions. The petition was properly verified and the plaintiff, although free to take issue with its statements, did not do so. He therefore was to be taken as assenting to their truth, relieving the employer from adducing evidence to sustain them, and merely challenging their sufficiency in point of law. We hold they were sufficient, in that they disclosed that the joinder was a sham and fraudulent and hence was not a legal obstacle to the removal or to the retention of the cause by the District Court.

"The briefs disclose that the parties differ as to whether the local law gives any color for treating the employer and the coemployee as jointly liable—the asserted liability of one resting on a statute and that of the other on the common law. But we do not find it necessary to solve this question. As the joinder was a sham and fraudulent—that is, without any reasonable basis in fact and without any purpose to prosecute the cause in good faith against the coemployee—the result must be the same whether the local law makes for or against a joint liability. See Wecker v. Nat. Enameling & Stamping Co. [204 U. S. 176. 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757]: Chicago. Rock Island & Pacific Ry. Co. v. Schwyhart, 227 U. S. 184, 194 [33 Sup. Ct. 250, 57 L. Ed. 473]."

[3] As hereinbefore stated, this case was commenced on January 13, 1923, in the district court of Faribault county in Southern Minnesota.

Three days later, on the 16th day of January, 1923, exact copies of the summons and complaint herein were filed and an action commenced on the same cause of action in the district court of Stevens county, in Northern Minnesota.

In other words, within three days the same attorneys commenced two cases on the same cause of action in different parts of the same state. It is a matter of common knowledge that this practice is growing in Minnesota, and seems to be confined to attorneys who specialize in per-

sonal injury litigation, and largely to cases imported into Minnesota from foreign states.

The object and purpose of the practice seems to be to ascertain the counties in which juries are most liberal in fixing damages in the class of cases mentioned.

While in the present case only two cases have been commenced on the same cause of action, in other instances it is understood that as high as four or five cases have been commenced in as many different counties; the summons and complaint being identical in all of them.

This practice requires defendants to retain counsel and to appear and answer in each case, and if they are removable cases, to effect a removal of the same to this court, thus unreasonably increasing the work in the clerk's office and further congesting calendars already badly congested.

The two cases now before the court aptly illustrate the effect of this practice on the litigants and the court. That is, instead of one, there are two cases; two removal proceedings, two motions to remand, and two motions to vacate the service of the summons.

In other words, there is an increase of 100 per cent. in the expense of the litigation to the defendants and in the work of the clerks of both courts, and of the court itself. It is a course of conduct that cannot be justified. It is at war with generally accepted ideas of professional ethics, propriety, and decency. The judges of this court have had this matter under consideration and are in agreement on the proposition that the practice mentioned is a gross abuse of the process and machinery of both the national and state courts, and if further pursued, this court will feel called upon to resort to disciplinary methods sufficient in severity to effectually put an end to the practice.

The motion to remand is denied.