# CHICAGO & NORTHWESTERN RAILWAY COMPANY *v.* OHLE.

## ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF IOWA.

Submitted January 25, 1886.—Decided March 1, 1886.

A citizen of one State who in good faith gives up his residence there, goes to another State, and takes up a permanent residence therein, loses his former citizenship and acquires citizenship in the new place of domicil.

On the facts in this case the court properly left it to the jury, and by proper instructions, to decide whether the defendant in error had acquired a citizenship in Illinois, and if so when that citizenship was acquired.

An affidavit made by an officer of a railway company on information and belief as to the citizenship of the plaintiff, in a suit in a State court against the company, and filed therein for the purpose of requiring security for costs, is admissible against the company in an issue made in the Circuit Court of the United States after removal of the cause there, on the motion of the plaintiff to have it remanded.

The facts which make the case are stated in the opinion of the court.

*Mr. N. M. Hubbard* and *Mr. Charles A. Clark* for plaintiff in error.

*Mr. George G. Wright* and *Mr. S. S. Burdett* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error brought under section 5 of the act of March 3, 1875, 18 Stat. 470, ch. 137, to reverse an order of the Circuit Court remanding a case which had been removed from a State court. The suit was brought in a State court of Iowa on the 19th of November, 1883, by Ohle, the defendant in error, described in the petition as a citizen of Illinois, against the Chicago and Northwestern Railway Company, an Illinois corporation, to recover damages for an injury sustained by him

while a laborer on a construction train of the railway company in Iowa. On the 21st of March, 1884, the company petitioned for the removal of the suit to the Circuit Court of the United States, on the ground that Ohle was a citizen of Iowa and the railway company a citizen of Illinois. The case was docketed in the Circuit Court of the United States May 13, 1884, and the next day, May 14, Ohle moved to remand, because both he and the company were citizens of the same State. On the 22d of May he was given leave to file a plea in abatement or to the jurisdiction, which he did August 29, 1884, alleging that both he and the company were citizens of Illinois. Upon this plea issue was joined, and a trial had with a jury, October 30, 1884. On the trial it appeared that, at the time of the injury, Ohle was a minor, having his home with his parents, who were citizens of Iowa, residing at Burlington, in that State. While still a minor, he brought suit, by his next friend, in a State court of Iowa, against the company to recover damages for his injury. This suit was removed by the company to the Circuit Court of the United States. Before any trial was had, and in April, 1883, Ohle went to Janesville, Wisconsin, to attend school for the purpose of learning telegraphy. In October, 1883, he went from the school to Des Moines, Iowa, to attend a trial of his suit, and the trial resulted in a disagreement of the jury. He then went to visit his parents in Burlington, and stayed about a week. After the disagreement of the jury, he discontinued his suit, and, about the 6th of November, went to Chicago, Illinois, where he remained until about the 27th of November. While he was in Chicago at this time, the present suit was begun, and the simple question presented on the trial of the issue, made by the reply to the plea to the jurisdiction, was, whether he had actually, and in good faith, given up his citizenship in Iowa and acquired a new citizenship in Illinois before this suit was brought. He was the only witness sworn. He testified in substance, that when he went to Chicago he intended to make that his home. It is true, in a subsequent part of his testimony, he said this was done so as to prevent the railroad company from removing any other suit he might bring in Iowa to the courts of the United States; but, according to

his testimony, he then, being of full age, did leave Iowa with the *bona fide* intention of abandoning his citizenship in that State and gaining another in Illinois. He has never gone back to Iowa to reside. He was of age, and had the right to abandon one residence and take up another. He took a room in Chicago, and remained there three weeks. Before this was done, the manager of the school in Janesville, where he was being taught, had engaged employment for him in Chicago, which he was to enter upon as soon as he had finished his education. After his suit was brought he went from Chicago to the school in Janesville, with the intention, as he says, of returning when he had got through with his education. He did go back on the 13th of March, 1884, took up the work for which he had been engaged, and remained there all the time doing that work until he was sworn at the trial of the issue on the plea to the jurisdiction in this case. He was examined fully by counsel for both parties. Some things which he testified to had a tendency to prove that he did not, in good faith, go to Chicago with the intention, at that time, of abandoning his citizenship in Iowa and acquiring another in Illinois.

In the course of the trial, also, Ohle offered in evidence an affidavit, filed in the case on behalf of the company, for the purpose of requiring him to give security for costs because he was a non-resident of Iowa. That affidavit was as follows:

"I, H. G. Burt, being first duly sworn, on oath say: That I am the superintendent of the Iowa Division of the Chicago & Northwestern Railway Company, which includes the main line from Clinton, Iowa, to Council Bluffs, Iowa, together with several branches; that I am acquainted with the facts in regard to the injury of Gus. B. Ohle, for which the above suit is brought, and that the defendant has a good defence to the entire claim made by the plaintiff in said cause, and that the plaintiff is a non-resident of the State of Iowa, as he claims in his petition in this case, and as I believe."

To the introduction of this affidavit the railway company objected. This objection was overruled, and an exception taken.

When the evidence was closed the railway company asked the court to charge the jury as follows:

"2. In order to acquire a domicile and citizenship in Illinois the defendant must have gone there in November, 1883, with the intention of remaining there permanently then; it was not enough if his intention was to go on to Janesville and finish his education there and then return to Illinois to remain permanently. If such was not his intention his citizenship in Illinois would only date from the time he in fact went there to stay permanently, which, according to his own testimony, was March 13th, 1884.

"3. It is shown by the uncontroverted testimony of the plaintiff that he was a citizen of Iowa before he went to Janesville for the temporary purpose of acquiring an education in telegraphy; that in November, 1883, when it is claimed he changed his citizenship, he went to Chicago, in the State of Illinois, on his way to Janesville to complete his studies; that he remained in Chicago only temporarily at that time, and did not go to Illinois permanently until March 13th, 1884. Under these circumstances the jury are instructed as a matter of law that plaintiff did not become a citizen of Illinois until the date last named, namely, March 13th, 1884."

These requests were refused, but the court did charge, among other things, in these words:

"12. Now the point that you are to decide, gentlemen, is this: Did the plaintiff, Gus. B. Ohle, at any time leave the State of Iowa for the purpose of taking up, actually and in good faith, his residence and citizenship in Illinois? Now, I use the word residence, meaning this: It would not be sufficient merely to show that he went and resided in the sense of living in Illinois. Residence is evidence of the citizenship. You are ultimately to find whether he became a citizen of Illinois. In deciding that question you have a right to consider what he did in the matter of residence; that is, where he actually lived; the place he occupied, what we ordinarily mean by the term living. Now, it is claimed on the part of Ohle that he went to Chicago in November, 1883; that it was his intent to remove to the State of Illinois, and with the purpose of completing his

education by going through this school at Janesville, and then pursuing his vocation in life in the State of Illinois. Now, if he did in good faith leave the State of Iowa, give up the citizenship here, going to Chicago, Illinois, with the idea of taking up his citizenship there, did actually do that in good faith, although he may at that time have had it in his mind, and he did actually go to Janesville to complete his education, that would not defeat his acquiring his citizenship in the State of Illinois at the time he actually went there in November, provided you find, remember, gentlemen, that he had the intent at that time, *bona fide*, actual intent, of settling in Illinois. Now, you are to determine this under the evidence that has been submitted to you; you are to determine whether, at that time, he then had the honest intent of changing his residence. If he did, and he went over there with that purpose, with that intent, and remained in Chicago for whatever time the evidence shows, some two or three weeks, it is for you to determine the question as to that. If that was his object and intent it would justify you in finding that he had acquired a citizenship there. The fact that he then went to Janesville to complete his education would no more defeat his citizenship in Illinois than it would defeat his citizenship in Iowa if he had still retained that citizenship.

"It then remains for you to determine the object and intent that he then had.

"13. Now, it is contended on the part of the defendant that he did not acquire citizenship in Chicago until he went there in March, 1884, after he had completed his schooling in Janesville. Now, if he did not, if that was the first time that he actually went to Chicago with the intent to remain there and take up his citizenship and his residence there, why then you would have to find that that was the time that he lost his citizenship in Iowa and acquired it in Illinois. Therefore, as I say, the question is what was his intent. By way of illustration, if when he went to the city of Chicago in November, 1883, his object and purpose were simply to go through Chicago to Janesville to complete his education, with the intention some time in the future, after he had completed his education, of going

back to Illinois, then he would not acquire his citizenship until he actually went there; but if, when he went in 1883, he went with the intention of actually changing his residence and acquiring a citizenship in Chicago, Illinois, then, if you find that to be the fact, you are justified in finding that at the time he changed his citizenship within the meaning of the questions involved in this case."

The company in due time excepted to the last paragraph in the charge beginning with the words "By way of illustration" and continuing until the end, and to the refusals to charge as requested.

The jury found that Ohle was a citizen of Illinois when the suit was begun, and the court thereupon remanded the cause. This writ of error was brought to reverse an order to that effect, and the errors assigned are:

1. That the court erred in refusing to charge as requested;

2. That it erred in that part of the charge as given which was excepted to; and

3. That it erred in admitting the affidavit objected to in evidence.

The charge as given covered the requests that were made. It stated clearly to the jury what was necessary in order to make a change of citizenship, and we are unable to find anything wrong in the rules which were laid down. The jury were told as distinctly as it could be expressed in words that Ohle did not gain a citizenship in Illinois when he went there on the 6th of November, unless he did in good faith leave Iowa, and giving up his residence there go to Illinois, and actually and in good faith take up his permanent residence in that State at that time. Clearly this covers the whole case, and as the jury found that he had gained his citizenship in Illinois when the suit was begun, the error, if any, was with the jury in its verdict on the evidence and not with the court in its charge on the law. There is nothing in the requests to charge that is not in the charge as given, except those parts of the requests which imply a state of facts different from what the jury must have found. There was certainly some evidence that when Ohle went to Chicago on the 6th of November he intended to take

up his home there at that time and actually did so. Such being the case, it was not error to refuse to charge the jury that this was not the fact. It is not for us to decide that the jury brought in a wrong verdict under a correct charge if the record shows, as it does, that there was some evidence to support the finding which was made.

We see no error in the admission of the affidavit in evidence. The affidavit having been filed in the cause by the company as a ground for obtaining an order of the court in its favor, was competent evidence against it on the trial of another issue; and the fact that it was sworn on information and belief affected only its weight and not its competency. *Pope* v. *Allis*, 115 U. S. 363.

After the verdict the court had nothing to do but to remand the suit; its order to that effect is consequently

*Affirmed.*