[No. 393.   March 29, 1889.]

## GILES L. CLARK, APPELLEE, v. CARLISLE GOLD MINING COMPANY, LIMITED, APPELLANT.

CONTRACT—ASSUMPSIT—TRIAL—INSTRUCTIONS.—In an action of assumpsit on a contract, where the instructions asked for by the defendant were the converse of those given, and the instructions given were applicable to the facts proven, and fairly presented to the jury the issues to be determined by them—Held: While the usual and preferable way in giving instructions is to give the same propositions of law from the standpoint of each party, it is not error to refuse to do so, where the instructions given clearly point out to the jury the questions to be determined by them, and plainly lay down the rule to be followed in reaching a conclusion.   If the jury are instructed that if they believe certain facts to exist they must find in a certain way, such instruction carries with it the charge that if they do not believe such facts to exist they shall find to the contrary.

APPEAL, from a judgment in favor of plaintiff, from the Third Judicial District Court, Grant County. Judgment affirmed.

The facts as stated in the opinion of the court.

CONWAY, POSEY & HAWKINS for appellants.

GIDEON D. BANTZ and CHARLES G. BELL for appellee.

The record proper consists of the declaration and subsequent pleadings, the verdict and judgment.   The motion for new trial is not of the record proper.  Richardson v. George, 34 Mo. 104, and note.   The mere fact that the clerk copies it in the transcript of the record does not make it a part of the record proper.   Jefferson City v. Opel, 67 Mo. 394; State v. Shine, 25 Mo. 565;  R. R. v. Wagner, 19 Kan;  Lockhart v. Chicago, etc., R'y Co., and note, 21 Cent. Law Jour.

BRINKER, J.—This was an action of assumpsit to recover from the defendant $590.62½ for work and labor performed by plaintiff for defendant at its special instance and request. There was filed with the declaration a sworn account, showing an indebtedness of defendant to plaintiff for hauling three hundred and thirty-seven and a half cords of wood at $1.75 per cord. The plea was non assumpsit. The cause was tried by a jury, and a verdict rendered for plaintiff. Defendant filed a motion for a new trial, which was denied, and judgment rendered for plaintiff upon the verdict. The case comes here by appeal.

The errors assigned are: That the verdict is against the law and the evidence; that the court erred in refusing instructions asked by defendant; that the court erred in giving the instructions asked by plaintiff, and in giving instructions numbered 1, 2, and 3 of its own motion; that the judgment was for plaintiff, when it should have been for defendant. The evidence is conflicting. It appeared that plaintiff and one Huntly, as the general manager of the old Carlisle company, entered into a contract in writing, the plaintiff for himself and Huntly for the company, in which plaintiff agreed to haul fifteen hundred cords of wood for the company, within four months from January 14, 1887; five hundred cords of which was to be delivered at a place called a "flat," about nine miles from the company's mill. Where the remaining one thousand cords were to be delivered by plaintiff is not clear from the contract, the recital on this point being: "But it is understood between the parties that this wood—that is, the last one thousand cords—is not to be paid for until it is received at Carlisle, and it is also understood that this last one thousand cords is not to be measured at the flat place, but is to be measured and received at Carlisle." The parties seem to have treated this clause of the contract as requiring plaintiff to deliver the last one

thousand cords at Carlisle.   It further appeared that
before the wood was all delivered the company making
this contract was  succeeded by a new company of the
same name and that the new company adopted the con-
tract made by its predecessor.   It appeared in the tes-
timony for the plaintiff that by a subsequent arrange-
ment the strict fulfillment of the contract, so far as the
delivery at Carlisle of the last one thousand cords was
concerned, was waived by the defendant, and the
whole fifteen hundred cords was delivered at the flat
agreed upon as the place of delivery of the first five
hundred cords, and such delivery was  accepted by de-
fendant as a compliance with the contract.   Upon this
point the testimony for defendant was in direct conflict
with the testimony for the plaintiff.   The jury were
the sole judges of its weight, and their finding will not
be reviewed here, unless it should appear that there
was no evidence to support the verdict, or that the ver-
dict was so clearly against the weight of the  evidence
as to suggest prejudice on the part of the jury.   Rom-
ero v. Desmarais (decided at this term); Railroad Co.
v. Ohle, 117 U. S. 123, 6 Sup. Ct. Rep. 632.   The
evidence for plaintiff, if believed, was sufficient to jus-
tify the finding in his favor.

   In the instruction given at the instance of the
plaintiff the court told the jury that if the plaintiff
CONTRACT: trial: hauled the wood to the flat place mentioned
instructions.   by the witnesses, and if he hauled fifteen
hundred and thirty-seven and one half cords of wood
to such place, and if the defendant, by its agent, ac-
cepted the wood at such place as a fulfillment of the
contract with plaintiff, then the plaintiff was entitled
to recover on the basis of the wood so hauled, and that
the amount of wood which actually arrived at Carlisle
was of no consequence.   Upon its own motion, the
court instructed the jury that in order to find for the
plaintiff they must be satisfied from a preponderance

of the evidence that the amount claimed, or some amount, was due him, and that their verdict must be in accordance with the proofs as they should find them upon all the evidence in the case, and that if they should find that the old Carlisle Gold Mining Company had entered into a written contract with the plaintiff to deliver wood at a certain place or places, and that the new company, upon succeeding to the title and estate of the old company, adopted and ratified the agreement, it would be bound by it; and if they should further find that by the terms of the original contract one thousand cords of wood were to be delivered at the company's yard at Carlisle, but before the completion of the contract the general agent or manager of the company agreed with the plaintiff to accept the wood at another place, and that the wood was delivered by plaintiff to defendant by mutual consent at such other place, then the plaintiff was not bound by the terms of the written contract, and if they should further find that an agent of the defendant, with power to act for the defendant, either actually measured the wood at such place, or accepted the amount hauled upon an estimate, as a full compliance with the contract to deliver one thousand, five hundred cords, and if they should find that the wood was taken and consumed by defendant, without giving plaintiff a fair opportunity of seeing the wood measured, either at the place of delivery or at the defendant's yard at Carlisle, they were at liberty to find for the plaintiff for the balance of the wood so hauled or delivered by him under the contract, and for so much over the total amount agreed to be hauled as the agent of the defendant received, and was used by defendant and hauled by plaintiff. But if they should find that plaintiff did not deliver the amount of wood he had agreed to deliver, at the place agreed upon, then he was not entitled to recover, if they should find he had been paid for all

which he had actually delivered. · These instructions fairly presented to the jury the issue they were to determine, and were applicable to the facts proven. The instructions asked by defendant were but the converse of those given, and while it is usual, and perhaps preferable, to give the same propositions of law from the standpoint of each side, we do not think it is error to refuse to do so, when the instructions given clearly and unmistakably point out to the jury the questions to be determined, and plainly lay down the rule to be followed by them in reaching a determination. They are told that if they believe certain facts to exist they shall find in a certain way. This carries with it the direction that if they do not believe those facts to exist they must find to the contrary. We are of opinion that the instructions given were applicable to the case proven, that the evidence fully sustains the verdict, and upon the whole case the judgment is for the right party. Affirmed.

LONG, C. J., concurs.