**CONNOLLY et ux. v. CHICAGO, M. & ST. P. RY. CO.**

(District Court, W. D. Washington, N. D. January 17, 1925.)

No. 9003.

**1. Removal of causes ⟨⟩107(5)—Allegations of petition admitted by motion to remand without denial.**

A motion to remand, in the absence of denials, is in the nature of a demurrer to the petition for removal, and admits the truth of its allegations.

**2. Removal of causes ⟨⟩25(1)—Allegation in complaint to defeat removal, not supported in fact, is fraud.**

An allegation in a complaint of intrastate commerce relation, made to defeat removal, not supported in fact, is a fraud, and will not defeat removal.

**3. Removal of causes ⟨⟩107(5)—Motion to remand raises any objection to jurisdiction appearing from record.**

Where objection to jurisdiction appears on the face of the removal papers, the point is raised by a motion to remand, and the court should search the record.

**4. Commerce ⟨⟩27(8) — Railroad employee, helping to dismantle engine, held not employed in interstate commerce when injured.**

Where a railroad engine previously employed in interstate commerce, was retired from service for repair in May, placed on a repair track until October, then removed to a roundhouse, where it was stripped and dismantled, the repairs were completed, and it was returned to service in December, plaintiff, who was injured October 27, while helping to dismantle it, was not at the time employed in interstate commerce, within the meaning of Employers' Liability Act, § 1 (Comp. St. § 8657).

At Law. Action by P. J. Connolly and May Connolly, his wife, against the Chicago, Milwaukee & St. Paul Railway Company. On motion to remand to state court. Denied.

Plaintiffs sued in the state court for injuries to the husband while employed by defendant, an interstate commerce carrier, as a boiler maker, while repairing a locomotive "indiscriminately used by the defendant in the hauling of interstate and intrastate commerce, and was again to be so used when the same had been repaired and restored to service." Recovery is sought under the Employers' Liability Act of April 22, 1908, 35 Stat. 65 (Comp. St. §§ 8657-8665), and, under Act March 3, 1911, 36 Stat. 1094, § 28 (Comp. St. § 1010), petition in removal is filed, alleging diversity of citizenship, jurisdictional amount in controversy, and fraud on the part of the plaintiff in seeking recovery under the Employers' Liability Act, and alleging the fact to be that the engine on which the plaintiff was employed at the time he claims to have been injured was not at the time engaged in interstate transportation, but was disconnected with the movement of commerce and definitely withdrawn from service on May 20, 1922, and was sent to the repair shops at Hawlowtown, Mont., "for the sole purpose of general overhauling and making needed repairs." It was stored and held on the repair tracks at the defendant's shops from the 20th of May, 1922, until October 15th

following, when it was placed in the round-house at said place "to undergo certain general repairs," and thereupon "the work of stripping and dismantling it for the purpose of making needed repairs was begun," and after "having been partially stripped and dismantled" on October 27th the plaintiff met with an accident; that the repairing of the engine continued until December 15th, and the engine released and put in service in connection with the movement of interstate commerce.

A petition to remand is made. The petition reiterates the allegations of the complaint, but no issue is taken to the specific allegations as to the withdrawing of the engine from service on May 20th, placing it upon the repair tracks at the machine shop, or placing it in the roundhouse and dismantling, and injury with relation thereto as alleged in the petition for removal.

Ryan & Desmond, of Seattle, Wash., for plaintiffs.

Geo. W. Korte, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). [1] No issue is taken to the history of the engine from May 20th to December 15th. The motion to remand, in the absence of denials, is in the nature of a demurrer to the petition, and admits the truth of the allegation. Bradshaw v. Bowden (D. C.) 226 F. 323, and cases cited.

[2] An allegation in a complaint of interstate commerce relation, not supported in fact, to defeat removal, is a fraud, and will not defeat removal. Wilson v. R. I. & S. Co., 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144; Gt. Northern Ry. v. Alexander, 246 U. S. 276, 38 S. Ct. 237, 62 L. Ed. 713; Savarin v. Railway (D. C.) 292 F. 157.

[3] Where objection to jurisdiction appears on the face of the removal papers, the point is raised by motion to remand (Chicago & N. W. Ry. v. Ohle, 117 U. S. 123, 6 S. Ct. 632, 29 L. Ed. 837; Wetmore v. Rymer, 169 U. S. 115, 18 S. Ct. 293, 42 L. Ed. 682), and the court should search the record (Carr v. Fife, 156 U. S. 494, 15 S. Ct. 427, 39 L. Ed. 508. Missouri, K. & T. Ry. Co. v. Chappell [D. C.] 206 F. 695).

[4] The issue here, I think, is on all fours with Industrial Commission v. Davis, 259 U. S. 182, 42 S. Ct. 489, 66 L. Ed. 888. The engine upon which the plaintiff was employed at the time was not "engaged in interstate transportation, or any work so closely related thereto as to be practically a part of it." Shanks v. D., L. & W. R.

R., 239 U. S. 556, 36 S. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797; C., B. & Q. R. R. v. Harrington, 241 U. S. 177, 36 S. Ct. 517, 60 L. Ed. 941; So. Pac. Co. v. Ind. Acc. Com. of Cal., 251 U. S. 259, 40 S. Ct. 130, 64 L. Ed. 258, 10 A. L. R. 1181. "It was not interrupted in an interstate haul, to be repaired and go on." M. & S. L. R. R. Co. v. Winters, 242 U. S. 353, 37 S. Ct. 170, 61 L. Ed. 358, Ann. Cas. 1918B, 54; C., K. & S. Ry. Co. v. Kindlesparker, 246 U. S. 657, 38 S. Ct. 425, 62 L. Ed. 925. In the Industrial Commission Case, supra, the court at page 184 (42 S. Ct. 490) said:

" * * * The engine was sent from exclusive employment in interstate commerce to the repair shops. It was sent there for general overhauling December 19, 1918, and was, to a certain extent, stripped and dismantled. It was estimated that the work upon it would be finished January 30, 1919, but it was not actually completed until February 25, 1919. The accident occurred on February 1st of that year. After the repairs were finished the engine was given a trial trip and finally put into service in interstate commerce."

In the instant case the engine was withdrawn from service May 20, 1922, stored on the repair tracks at the shop until October 15th, when it was placed in the roundhouse, and stripping and dismantling begun, and on October 27th, while engaged in stripping and dismantling, the plaintiff was injured. The repairs were completed December 15th, and thereafter, the locomotive was returned to interstate commerce. There is no escape from the conclusion in the Davis Case, supra.

The motion is denied.