**SHOAF v. FITZPATRICK.**

No. 7878.

Circuit Court of Appeals, Sixth Circuit.

June 9, 1939.

R. G. Draper, of Memphis, Tenn. (William McClanahan, of Memphis, Tenn., and

W. A. Shoaf, of Covington, Tenn., on the brief), for appellant.

Walter P. Armstrong, of Memphis, Tenn. (R. C. Busby and Thomas C. Farnsworth, both of Memphis, Tenn., on the brief), for appellee.

Before HICKS, ALLEN, and ARANT, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a judgment for $3,250 rendered upon a jury verdict in a personal injury suit. Appellant complains of the charge of the court, and of the denial of a motion for a directed verdict.

Appellant owns and operates a saw mill in Tipton County, Tennessee. Appellee was a workman at the mill, and upon the night of March 24, 1932, together with another of appellant's employees, was sleeping at appellant's house. Appellant was notified at eleven P. M. that his mill was on fire, and told his two employees, who were awakened by the telephone conversation, that there was a fire at the mill. The men began to get ready to go to the fire, and appellant told appellee he could "finish dressing in the car." Appellant and his men worked together for some time, until appellant left the mill to get extra help. Appellee carried water and poured it upon piles of stovewood in the neighborhood of a smokestack, which was supported at the northeast corner of the mill by a guy wire fastened to a sill which was part of the mill itself. The mill burned in the course of the fire, the guy wire was loosened, and the smokestack fell and injured appellee.

■■ At the time of filing the declaration appellee was a resident of Arkansas. Appellant claims that appellee fraudulently established a residence there in order to create the required diversity of citizenship to sue in the federal court. The trial court might have elected to hear the evidence and to determine this question itself. Wetmore v. Rymer, 169 U.S. 115, 121, 18 S.Ct. 293, 42 L.Ed. 682. However, it submitted this question to the jury. In so doing it acted within its discretionary powers. Chicago & Northwestern R. Co. v. Ohle, 117 U.S. 123, 6 S.Ct. 632, 29 L.Ed. 837; Gilbert v. David, 235 U.S. 561, 568, 35 S.Ct. 164, 59 L. Ed. 360; Reichman v. Harris, 6 Cir., 252 F. 371. In order to effect a change in citizenship actual residence must coincide with the intention that such new residence is to be permanent. Morris v. Gilmer, 129 U.S. 315, 328, 9 S.Ct. 289, 32 L.Ed. 690. If there was a bona fide change of residence, appellee's right to sue was not affected by the fact that he changed his residence for the purpose of invoking the jurisdiction of the federal courts. Manhattan Life Ins. Co. v. Broughton, 109 U.S. 121, 125, 3 S.Ct. 99, 27 L.Ed. 878; Williamson v. Osenton, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758. Cf. Erie R. Co. v. Tompkins, 304 U.S. 64, 76, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. Nor was his right affected by a subsequent return to the first state of his residence. Louisville, New Albany & Chicago R. Co. v. Louisville Trust Co., 174 U.S. 552, 566, 19 S.Ct. 817, 43 L.Ed. 1081.

■■ The court correctly charged that if the jury believed from a preponderance of evidence submitted by the appellee that at the time he instituted this suit he was a bona fide citizen of the State of Arkansas, that he removed from the State of Tennessee to the State of Arkansas with the purpose and intention on his part to change permanently his residence to the State of Arkansas from the State of Tennessee, appellee was within the jurisdiction of the court; but if the jury found from the preponderance of the evidence that appellee did not actually intend to remain a resident of the State of Arkansas, but at the time this suit was filed he was only staying in the State of Arkansas temporarily for the purpose of establishing a pretended residence, for the purpose only of being able to maintain this suit in the United States Courts, that it was their duty to return a verdict for appellant. The evidence showed that at the time the suit was filed (February 11, 1933), appellee was living in Arkansas, operating a restaurant; that he remained in Arkansas six months, and that his wife and child were with him for a considerable part of the time. Appellee returned to Tennessee in June, 1933, because he could not make a living in Arkansas. Appellee paid the restaurant license fee for the entire year of 1933, and voted in Arkansas. He states, and the jury evidently found, that he intended to establish a permanent residence in that state. Hence there is substantial evidence supporting the finding that a bona fide diversity of citizenship existed. Black & White taxicab Co. v. Brown & Yellow Taxicab Co., 276 U.S. 518, 524, 525, 48 S.Ct. 404, 72 L.Ed. 681, 57 A.L.R. 426. Cf. Ohio Marble Co. v. Byrd, 6 Cir., 65 F.2d 98.

▮ Neither did the court err in charging the jury that appellant could not rely upon the defenses of contributory negligence and assumption of risk. Twelve workmen were employed at appellant's mill, and under the statutes of Tennessee appellant was subject to the Workmen's Compensation Law, Code 1932, § 6851 et seq. Section 6862, 1932 Tennessee Code, in substance provides that every employer who elects not to operate under the Workmen's Compensation Law, in any suit to recover damages for personal injuries brought against him by an employee who has elected to operate under the state law, shall not be permitted to defend such suit upon the ground that the employee was negligent or was injured through the negligence of a fellow-employee, or had assumed the risk of injury.[1] Appellant had not complied with the Workmen's Compensation Law, and was plainly precluded from raising the defenses of assumption of risk or contributory negligence. Moore Coal Co. v. Brown, 166 Tenn. 516, 64 S.W.2d 3.

▮ Neither does the record support appellant's contention that there is no substantial evidence to support the verdict. The court left it to the jury to determine whether appellee was acting as an employee of appellant at the time of the accident, and upon this point the jury evidently determined in the affirmative. There is substantial evidence to support this finding. While appellant did not in words instruct appellee to assist him in fighting the fire, his informing the men of the fire, his hurrying them in their preparations, his taking them in his car to the mill, show that he expected the assistance of his employees. Since appellee went upon his employer's premises for the benefit of the employer, and in the performance of the duty of assisting the employer to preserve his mill from the fire, an invitation of the employer is implied by law. Middleton v. P. Sanford Ross, Inc., 5 Cir., 213 F. 6; Cudahy Packing Co. v. McBride, 8 Cir., 92 F.2d 737, 740.

▮ Appellant's contention that there is no substantial evidence of negligence on his part proximately causing the injury also has no merit. While the employer is not the insurer of the employee's safety, he has a continuing obligation to exercise ordinary care in furnishing the employee with a reasonably safe place in which to work. Phillips Petroleum Co. v. Manning, 8 Cir., 81 F.2d 849, 851; Bosarge v. Gaines, 5 Cir., 93 F.2d 800, 801. Cf. Petroleum Iron Works Co. v. Boyle, 6 Cir., 179 F. 433, 437. The guy wire was fastened to a part of the mill itself. Several witnesses, one of whom was called on behalf of appellant, testified that it was customary and more secure to fasten the guy wires to a deadman, that is to a log buried in the ground and away from the mill. It was shown that this was the usual practice in saw mills. A witness who had personally attached the wire said that it had been put in temporarily, and that he realized at the time that it was not safe to leave it that way. The smokestack fell in the direction opposite to the line of the guy wire, thus demonstrating that it was the failure of the guy wire which caused the accident. The contention that appellant was not required to construct and maintain his mill so as to protect his employees in case the mill was destroyed by fire has no weight under the facts of this record, where appellant knew that his mill was on fire and took his men to work at the mill, knowing the way in which the smokestack was fastened, and that the guy wire would give way if the sill were consumed. Negligence of the appellant is clearly shown, and whatever might have been his defense under the doctrine of contributory negligence or assumption of risk, he is precluded by the Tennessee statute from raising those defenses.

We find no reversible error in the conduct of the case, and the judgment is affirmed.

---

[1] Under § 6853, Tennessee Code, 1932, the appellee was presumed to have accepted the provisions of the statute.