**WALL v. BRIM.**

No. 10939.

Circuit Court of Appeals, Fifth Circuit.

Nov. 14, 1944.

Rehearing Denied Dec. 15, 1944.

Grover Middlebrooks, of Atlanta, Ga., and Clifford E. Hay, of Thomasville, Ga., for appellant.

A. B. Conger, of Bainbridge, Ga., and Ira Carlisle, of Cairo, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

When this cause was here before,[1] we reversed for want of evidence to support the issue of negligence on which the verdict and judgment were based. Because however, the record contained evidence definitely presenting another issue, whether the operation was performed without the patient's consent, and the issue had not been submitted to the jury, we remanded the cause with directions to permit the parties to "amend their pleadings and to offer new and additional evidence as they are advised."

Again loser below, appellant is here attacking the judgment on three grounds. One of these is that the evidence developed on this trial establishes as matter of law that plaintiffs were citizens of Georgia and there was no diversity of citizenship. Another is that the amendment setting up the claim that the operation was without plaintiff's consent, introduced a new cause of action, and, coming more than two years after the cause of action had accrued, was barred by Georgia Statute of Limitations, Code of 1933, Sec. 3-1004. The third is that the evidence did not support the claim.

On the first ground, appellant makes a strong showing in support of his claim that the residence in Florida, which was made the basis of the suit, was pretended and spurious, taken up not with any real intention of living there but solely for the purpose of obtaining federal jurisdiction. There was affirmative testimony, however, that there was an actual change of domicile, sufficient, if believed, to support the verdict. The judge, as he had a right to do, submitted the issue to the jury,

[1] Wall v. Brim, 138 F.2d 478, 481.

the jury believed that testimony, and found accordingly. No complaint is made of the charge submitting the issue, and we are bound by the verdict.[2]

█ For the same reason, plaintiff's third ground of error must be rejected. It is true that appellant did on this trial testify that he advised plaintiff of the unexpected conditions that he found after he had made the incision, and that she consented to his continuing with the operation as he had begun it, but it is also true: that on this trial he testified that it was a tedious and very delicate operation, and he had begun it thinking he had a minor operation; that on the last trial, though he testified he told the patient that the thing was deeper than he thought it was, he did not ask her then whether or not she wanted to go forward with the operation after he made this discovery; and that, in answer to the question, "In other words, when you discovered that your original diagnosis was wrong, you proceeded then on your own judgment and without suggesting to her that situation?", he answered, "I guess you would say that is the effect of it. I think so." The patient, on her part, testified that if she had been told that the matter was difficult and complicated with possible serious consequences, she would have declined to go on with the operation. This testimony, not substantially different from that which was given on this issue on the former trial, made out a case for the jury.

█ On his second and most argued point, that a new cause of action was introduced by the amendment more than two years after it arose, appellant stands no better. As was pointed out in the reversing opinion on the former appeal, the evidence on that trial definitely presented this ground for recovery and, under Federal Rules of Civil Procedure, rule 15(b), 28 U. S.C.A. following section 723c, it could then have been submitted to the jury if requested, though no formal amendment had been made. Under these circumstances, it would be a sticking in the bark of pure technicality to say that when the pleadings were later formally amended to conform to the evidence, the claim was then first presented. If, therefore, we could agree that the claim on which the verdict and judgment appealed from were based did present a new cause of action, it is quite clear that the introduction of that claim into the case long antedated the filing of the amended pleading. But we cannot agree that the claim on which recovery was based constituted a new cause of action. In Barthel v. Stamm, 145 F.2d 487, a case arising in Georgia, just decided, we have had occasion to discuss the effect under the Georgia Statutes of Limitation, of an amendment under the new Rules. What we said there has precise application here, and we need not further labor the point. We find no error in the judgment. It is affirmed.

---

[2] Wetmore v. Rymer, 169 U.S. 115, 122, 18 S.Ct. 293, 42 L.Ed. 682; Chicago & N. W. R. Co. v. Ohle, 117 U.S. 123, 6 S. Ct. 632, 29 L.Ed. 837; Morris v. Gilmer, 129 U.S. 315, 316, 9 S.Ct. 289, 32 L.Ed. 690.