**WOODS v. WINTERS et ux.**

No. 12286.

United States Court of Appeals
Fifth Circuit.

Dec. 31, 1948.

As Amended on Rehearing Feb. 11, 1949.

H. C. Happ, Regional Rent Atty., and J. Edwin Fleming, Litigation Atty., both of Dallas, Tex., and Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst. Gen. Counsel and Francis X. Riley, Sp. Litigation Atty., all of Washington, D. C., for Housing Expediter.

C. M. Hudspeth and Albert J. DeLange, both of Houston, Tex., for appellees.

Before HOLMES, WALLER and LEE, Circuit Judges.

HOLMES, Circuit Judge.

The appellees, as landlords of housing accommodations in a defense-rental area, were subject to the rent regulation that provided for maximum rents for the use and occupancy of housing accommodations in that area.[1] The appellees originally registered the rent for said accommodations at $7.00 per week, which thereupon became and has since remained the maximum rental therefor.

In the original complaint filed in this case, the housing accommodations in question were described as Apartment Lower No. 3, located at La Branch, Houston, Texas, and the excessive rent of $9.00 per week for said apartment was alleged to have been collected from Ivie Smith from May 25, 1945, to November 12, 1946.

In her answer, the appellee Mrs. Winters alleged that she was married to W. F. Winters, who was still her husband; she denied the regulation, denied the overcharge, and pleaded the statute of limitations. Subsequently, the court granted the plaintiff leave to amend his complaint, and it was amended, so as to name W. F. Winters, husband aforesaid, as a party defendant; and to describe the premises rented to Ivie Smith as Apartment 7, 1311 La Branch, Houston, Texas.

At the trial, it appeared from the uncontroverted testimony of Ivie Smith that she rented Apartment 3, 1311 La Branch, instead of Apartment 7, for which she paid defendant $9.00 per week; whereupon the court permitted the complaint to be amended so as correctly to describe the apartment in which Ivie Smith resided as Apartment 3, rather than Apartment 7, 1311 La Branch, Houston, Texas. This amendment was offered on November 5, 1947, and filed on November 17, 1947. The court below ruled that this amendment did not relate to the filing of the original complaint, but stated a new cause of action; and, as a consequence, that the entire action was barred by the one-year limitation-provision of Section 205(e) of the Emergency Price Control Act, as amended.

We think the original complaint and both amendments were attempting to set forth the same cause of action. The claim finally asserted in the second amendment, which alleged that Ivie Smith resided in Apartment 3, 1311 La Branch, arose out of the conduct, occurrences, and transactions set forth or attempted to be set forth in the original complaint. The effort of the pleader all along was to describe correctly the accommodations rented to Ivie Smith by Mrs. Winters from May 25, 1945, to November 12, 1946. No other rental transaction appears to have taken place between the same parties during that period or any other period. All the parties to this action understood what the appellant was claiming, and no one was misled or surprised by the last amendment. Therefore, Rule 15(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., applies. Paragraph (c) of this rule is entitled "Relation Back of Amendments," and provides that whenever the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence, set forth or attempted to be set forth in the original pleading, "the amendment relates back to the date of the original pleading." This disposes, we think, of the limitation of one year, and other conditions precedent, upon the right to sue un-

---

[1] 10 Fed.Reg. 3436, 13528.

der Section 205(e) of the Emergency Price Control Act, as amended.[2]

No specific limitation of time upon the existence of the right of the Expediter to make application to the appropriate court for an injunction, or other order, is contained in Section 205(e), though the doctrine of laches applies to an application for an injunction or other order to enforce compliance with Section 4 of said Act, as amended [50 U.S.C.A.Appendix § 904].[3]

The motion to abate the action as to W. F. Winters is overruled; the judgment appealed from is·reversed; and the cause is remanded for further proceedings not inconsistent with this opinion.

[2] 50 U.S.C.A.War Appendix, § 925(e).
[3] 50 U.S.C.A.War Appendix, § 925(a); Porter v. Warner Holding Co., 328 U.S. 395, 396, 66 S.Ct. 1086, 90 L.Ed. 1332; Creedon v. Randolph, 5 Cir., 165 F.2d 918; 919; Blood v. Fleming, 10 Cir., 116 F.2d 292, 295; Wall v. Brim, 5 Cir., 145 F.2d 492. Cf. Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624.