### SIVALLS v. UNITED STATES.

No. 14303.

United States Court of Appeals Fifth Circuit.

July 10, 1953.

R. B. Cannon, Ft. Worth, Tex., Weeks, Bird, Cannon & Appleman, Fort Worth, Tex., of counsel, for appellant.

Homer R. Miller, Dudley Godfrey, Jr., Ellis N. Slack, Sp. Assts. to Atty. Gen., Charles S. Lyon, H. Brian Holland, Assts. Atty. Gen., R. Daniel Settle, Asst. U. S. Atty., Ft. Worth, Tex., Frank B. Potter, U. S. Atty., Ft. Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

This case, concerning claims for refund of income tax paid for the years 1943 and 1944, presents a single question for decision. That question is whether Robert J. Sivalls, the taxpayer, was domiciled in Texas during those taxable years so as to entitle him to report his individual income as community income for federal income tax purposes.

The trial court made full and definite findings of fact, based upon undisputed evidence, which may be summarized as follows: Sivalls was born in what is now Bartlesville, Oklahoma, and resided there until his education was completed. He was thereafter employed by Black, Sivalls & Bryson, Inc., and was frequently transferred to various points in its territory where his services were needed. During this time he had no fixed place of abode, but he had the use of storage facilities in Bartlesville. In the Spring of 1942, he was instructed by his employer to close its Jackson, Mississippi office, where he was then stationed, and to proceed to Shreveport, Louisiana, for temporary duty. He was then to proceed to Kilgore, Texas for another temporary assignment and to go from there to Fort Worth, Texas. After he had completed his assignment at Shreveport, and had been at Kilgore for about two weeks, he was notified to report for duty as a commissioned officer in the United States Army at Biloxi, Mississippi.

On September 1, 1942, Sivalls was married to Myrtle Braswell at Minden, Louisiana. Prior to her marriage, Mrs. Sivalls had been teaching school at New London, Texas. They had previously agreed to make their marital domicile in Fort Worth, Texas. Sivalls' employer had agreed to transfer him to Fort Worth on or about the time of his marriage, but since he was already in the Army when he was married, his employer determined to transfer him to Fort Worth after he completed his military service. It was Sivalls' intention to return to Texas after his discharge and

to thereafter reside permanently in Fort Worth.

Whenever Sivalls was required to furnish a permanent mailing address he gave the post office box number of his employer in Oklahoma City, Oklahoma. He gave his home address at the time he entered the Army and at the time he was married as Bartlesville Oklahoma. Following their marriage Sivalls and his wife lived at or near the various military camps where he was stationed. While he was overseas she alternately visited her brother in Louisiana and her sister in Texas. When he returned from overseas and was discharged from the Army about June, 1946, he and Mrs. Sivalls traveled around and visited relatives until his terminal leave expired. Thereafter they proceeded to Fort Worth where he resumed his employment with Black, Sivalls & Bryson. They have at all times since resided in Fort Worth.

Sivalls, as he had a right to do, elected not to file his income tax returns for the years 1943 and 1944 until after he returned from overseas. In 1946, he filed returns for those years and reported his income as community income. The Commissioner of Internal Revenue disallowed Sivalls' claim for a community division of income on the basis that he was not domiciled in Texas during the taxable years and determined that his entire income was taxable to him individually. The additional tax assessed and collected, together with interest, is the amount sued for.

The trial court found that although Sivalls intended to make his domicile in Fort Worth, Texas, he did not couple this intent with actual residence there until July, 1946, and concluded that he was not domiciled in Texas during the years in question; that he was not entitled to the tax benefits of the community property laws of that state; and was not entitled to the refund sued for. These legal conclusions were properly applied to the facts.

■ Every person has one, and only one, domicile. The law assigns to every child at its birth a domicile of origin, i. e., the domicile of its parents at the time it is born. This domicile continues until another is lawfully acquired. A new domicile may be acquired either by operation of law or by choice. The essentials of a domicile of choice are the concurrence of actual, physical presence at the new locality and the intention to there remain. It is also essential that the intention to establish a domicile of choice relate to the present and not to the future.[1] The question of domicile is usually one of mixed law and fact. Chicago & N. W. R. Co. v. Ohle, 117 U.S. 123, 6 S.Ct. 632, 29 L.Ed. 837; Sweeney v. District of Columbia, 72 App. D.C. 30, 113 F.2d 25, 129 A.L.R. 1370; Shilkret v. Helvering, 78 U.S.App.D.C. 178, 138 F.2d 925.

■ It is appellant's position that since he was physically present in the State of Texas immediately before he entered military service and intended to make Texas his permanent home when he was discharged from the service, the court erred in failing to find and hold that he was domiciled in that state during the taxable years in question. This argument overlooks the basic essentials to the establishment of a domicile of choice. It is not contended that appellant at any time intended to change his domicile to Texas prior to the date of his marriage. He so testified and in a statement attached to his income tax returns, in his protest to the proposed additional assessments and in his claims for refund he explicitly stated that it was his intention to establish his domicile in Texas after he was married. The mere fact that he was physically present in Texas at a time when he intended to at some future date establish his domicile there does not constitute the concurrence of physical residence and intent essential to the establishment of a domicile of choice.

---

1. These well established principles are discussed in detail in 17 Am.Jur., Domicile, §§ 12, et seq., p. 597, where numerous authorities are cited. The rules there discussed are equally applicable in Texas.

See 15 Tex.Jur., Domicile, §§ 2, et seq., p. 708, and citations. See also Gates v. Commissioner of Internal Revenue, 10 Cir., 199 F.2d 291, and citations.

At no time prior to his discharge from the Army was appellant physically in Texas with a present intention of making that state his new domicile.

The judgment appealed from is supported by the law and the facts, and is affirmed.