**Sydney GOLDSMITH, Plaintiff,**

v.

**Warren CHRISTOPHER, Defendant.**

**Civ. A. No. 94–0882 (PLF).**

United States District Court, District of Columbia.

Aug. 24, 1995.

Sydney Goldsmith, pro se.

Diane M. Sullivan, Assistant U.S. Attorney for the District of Columbia, Washington, DC, for defendant.

*MEMORANDUM OPINION*

PAUL L. FRIEDMAN, District Judge.

Sydney Goldsmith brought this action, *pro se,* to recover payment of approximately $13,270 of the $16,340 that the Department of State has withheld from his retirement benefits. The Department claims that this is a legitimate offset for the amount that Mr. Goldsmith wrongfully received in Separate Maintenance Allowance ("SMA") payments.[1] SMA payments are designed to help Department employees financially maintain family members who cannot live with the employee at his or her post. The parties filed cross

---

1. Mr. Goldsmith agrees that he was not entitled to $3069.24 of the $16,340 that he received in SMA payments. Thus, while the Department withheld $16,340, Mr. Goldsmith claims that only approximately $13,270 of this amount was wrongfully withheld.

motions for summary judgment and the Court heard oral argument on June 22, 1995.

Plaintiff's complaint is brought pursuant to the Foreign Service Act of 1980. 22 U.S.C. §§ 3901 *et seq.* Jurisdiction to provide judicial review under the Act is afforded to the district courts of the United States under 22 U.S.C. § 4140. The Act requires application of Section 706 of the Administrative Procedure Act to the Secretary's decision. 22 U.S.C. § 4140. Under the APA, a court reviewing an agency decision shall set aside agency actions, findings and conclusions that it finds to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). *See, e.g., Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971); *Robinson v. Cheney,* 876 F.2d 152, 155 (D.C.Cir.1989). The arbitrary and capricious standard is highly deferential. The scope of judicial review is narrow and a court may not substitute its judgment for that of the agency. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. at 416, 419, 91 S.Ct. at 824, 825. Applying these principles, the Court concludes that defendant is entitled to judgment as a matter of law.

## I. BACKGROUND

### A. Facts

Plaintiff Sydney Goldsmith was a member of the United States Foreign Service until his retirement on September 30, 1989. From 1985 until he retired, Mr. Goldsmith served as Branch Section Chief of the American Institute of Taiwan, Kaohsiung, Taiwan. The Institute was established by Congress in the Taiwan Relations Act, and its employees continue to participate in any government benefit program in which they participated prior to their employment with the Institute. In April 1985, plaintiff applied for SMA payments for his two children, Ruth, born June 1, 1967, and Eric, born August 19, 1968. In his application, Mr. Goldsmith reported that his children, then 16 and 17 years old, were in his legal custody pursuant to a 1979 Texas divorce decision granting him joint custody with his former spouse. Between 1985 and

1989, Mr. Goldsmith received $16,340 in SMA payments. When Mr. Goldsmith retired from the Department of State in September of 1989, the Department initially withheld payment of $15,000 from his lump sum retirement benefits pending an investigation and decision concerning his eligibility for the SMA payments he had received. The $15,000 was provisionally withheld while the Department determined the exact amount, if any, that Mr. Goldsmith owed.

After an investigation performed by the Department of State's Office of Inspector General, the Department's Committee of Inquiry into Fiscal Irregularities advised Mr. Goldsmith that he was not entitled to any part of the SMA payments he had received. It concluded that he did not have joint custody under the Texas decree because it had been superseded by a 1983 Virginia divorce decree, not reported to the Department by Mr. Goldsmith, granting sole custody to his former spouse. Mr. Goldsmith appealed the Department's decision to the General Accounting Office. The GAO denied Mr. Goldsmith's appeal and affirmed the Department's determination that he was not entitled to the SMA payments he received between 1985 and 1989.

On June 30, 1992, the Department of State informed Mr. Goldsmith that his appeal to the GAO had been denied and that he had 30 days within which to repay the $16,340 he had been overpaid. Mr. Goldsmith was advised that if the Department did not receive this money within the 30 day period it would collect this amount from his lump sum and monthly retirement benefits. Mr. Goldsmith did not pay the amount and the Department withheld $16,340 from his retirement benefits.

Mr. Goldsmith filed suit in the United States Court of Claims challenging the Department of State's determination. The Court of Claims dismissed the complaint for lack of subject matter jurisdiction. Plaintiff then filed suit in this Court.

### B. Statutory and Regulatory Framework

The Department of State's Standardized Regulations ("SR") provide that, on request of an employee, the Department may autho-

rize SMA for special needs or hardship prior to or after arrival at the employee's post, including reasons related to career, educational or family considerations for the employee's family members. SR 262.1(e) provides that an employee may receive SMA

[w]here the employee has a personal reason of special need or hardship to maintain family members elsewhere, including but not limited to career, educational or family considerations for the spouse, or educational considerations for the children . . .

SR 040m defines "family" as follows:

"Family" means one or more of the following relatives of an employee residing at his/her post, or who would normally reside at the post except for the existence of circumstances cited in Section 262 warranting the grant of a separate maintenance allowance . . .

(2) children who are unmarried and under 21 years of age or, regardless of age, are incapable of self-support . . .

The regulations also specify circumstances under which an employee is not entitled to SMA. One such circumstance is when the employee does not have sole custody of his or her children or when the children would not normally reside with the employee except in cases of joint custody. Prior to April 17, 1986, SR 262.3 set out the conditions not warranting an SMA in such cases:

A separate maintenance allowance shall not be granted where conditions in Section 262.1 are not met, including situations where the separation is for the following personal reasons:

b. child's legal custody being vested wholly, or in part, in a person other than the employee, unless joint custody is established.

On April 17, 1986, SR 262.3 was replaced by SR 263.4, which specified the circumstances under which SMA could not be granted as follows:

When a child's legal custody is vested wholly, or in part, in a person other than the employee or the employee's current spouse, except as follows: SMA may be granted when the employee (or current spouse) has joint legal custody and child [sic] does not reside with the other parent and it is established that except for the circumstances described in Section 262 the child would reside with the employee and the employee's current spouse.

### C.  The GAO's SMA Entitlement Evaluation

The GAO determined that Mr. Goldsmith was not entitled to SMA payments under SR 263.4 either prior to or after his children turned 18. Prior to his children's eighteenth birthdays, Mr. Goldsmith was disqualified from receiving SMA payments because of a Virginia divorce decree granting sole custody of his children to his former spouse. After his children's eighteenth birthdays, Mr. Goldsmith was disqualified from receiving SMA payments because he did not establish that his children would normally reside with him but for their educational circumstances.

## II.  DISCUSSION

The parties agree that a June 14, 1979, Texas divorce decree granting plaintiff joint custody of his children was superseded by a December 30, 1983, Virginia divorce decree that vested sole custody of plaintiff's children in his former spouse. The parties further agree that because of the Virginia divorce decree, plaintiff was ineligible to receive SMA payments prior to his children's eighteenth birthdays because they were in the sole custody of his former spouse. The only real question in this case is whether plaintiff was entitled to receive SMA payments for his children after they turned 18 and were no longer in the custody of their mother.

Plaintiff argues that the Virginia divorce decree granting sole custody of his children to his former spouse expired upon each child's eighteenth birthday. He argues that the Texas divorce decree granting him joint custody of his children survives the expiration of the Virginia decree and that, as a result, the Department of State should have found that each child normally would have resided with him upon turning 18. Thus, plaintiff maintains, he was entitled to SMA payments. Plaintiff fails to explain why the Texas divorce decree would survive the Vir-

ginia decree, given that the age of majority is 18 in both Virginia and Texas. He also fails to explain why the Texas divorce decree would be relevant to the question of his children's normal residence under SR 263.4, which requires the Foreign Service employee to establish joint custody, that the children do not reside with the former spouse *and* that they would normally reside with the employee but for their absence for educational reasons.

As minors, plaintiff's children resided with their mother as a matter of law, by virtue of her sole custody. *See, e.g., Bergen v. Bergen,* 439 F.2d 1008, 1012 (3d Cir.1971). That domicile did not automatically change upon their attaining the age of majority. A change in legal domicile requires a physical change of residence and an intention to remain in that new residence. *See Hawes v. Club Ecuestre El Comandante,* 598 F.2d 698, 701 (1st Cir.1979). Plaintiff argues that but for educational reasons his children would have resided with him in Taiwan because they valued his financial support highly enough to do so. Pl.'s Reply Mem. at 6. Plaintiff offers no evidence, however, to demonstrate that his children normally resided with him in Taiwan prior to age 18 or that they in fact adopted his home as their residence after each turned 18.

When a child reaches the age of majority, the child acquires the power to possess a domicile separate from the domicile previously shared with a parent if the child so desires. *Sivalls v. United States,* 205 F.2d 444, 446 (5th Cir.1953); *Linville v. Price,* 572 F.Supp. 345, 347 (S.D.W.Va.1983). Absent some affirmative act evidencing both a physical change of residence *and* an intent to establish a new domicile of choice, however, the child retains the domicile of the parent, even if the child physically leaves the home. *Sivalls v. United States,* 205 F.2d at 446; *Linville v. Price,* 572 F.Supp. at 347; *see Chicago & N.W. Ry. Co. v. Ohle,* 117 U.S. 123, 124–25, 6 S.Ct. 632, 633, 29 L.Ed. 837 (1886). Plaintiff's assertions regarding his children's willingness to live with him in Taiwan in exchange for his financial support fail to demonstrate a change of domicile and thus do not satisfy plaintiff's burden of showing that the Department of State's determination of his non-entitlement was arbitrary and capricious, an abuse of discretion, or not in accordance with the law. *See, e.g., National Treasury Employees Union v. Horner,* 854 F.2d 490, 498 (D.C.Cir.1988); *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. Ruckelshaus,* 719 F.2d 1159, 1164 (D.C.Cir.1983).

There is no merit whatsoever to plaintiff's additional argument that the Department of State's final decision was arbitrary and capricious because it contradicted earlier Department "findings" that plaintiff had been overpaid only $3069.24, the amount he does not contest. Pl.'s App. at 16, 28. Plaintiff relies primarily on an OIG Conversation Record, dated October 11, 1990, between OIG Supervisory Special Agent Daniel Reilly and OIG Special Agent Rick Young. The Conversation Record refers to an October 1989 meeting between Mr. Goldsmith, Mr. Young and Daniel Schiess, an attorney from the Public Integrity Section of the Department of Justice. OIG had referred the case to the Department of Justice for prosecution. In the Conversation Record Mr. Young noted that at the 1989 meeting Mr. Goldsmith was presented with an overpayment figure of $3069.24 as part of a plea offer. According to Mr. Young this figure was based on the view that "Goldsmith would have been entitled—technically—to SMA if he supported his children's educational needs after their eighteenth birthday [sic]." Pl.'s App. at 16. Plaintiff argues that this "determination" of his overpayment shows malfeasance on the part of the Department of State in light of its final determination that he was overpaid $16,340.

The figures cited during the 1989 meeting, however, did not represent an OIG finding of the amount of plaintiff's indebtedness but reflected part of a plea discussion. Pl.'s App. at 15. After plaintiff rejected the plea offer, the Department of Justice decided not to prosecute and returned the claim to the Department of State. The Department of State then had the authority to determine and collect plaintiff's debt. *See* 4 C.F.R. §§ 101.3(a), 102.3. The Department was not bound by any statements, opinions or offers

uttered during the plea discussions. *See* Rules 408 and 410, Fed.R.Evid.

### III. CONCLUSION

On the record before it, the Court must grant defendant's Motion for Summary Judgment. Plaintiff has not demonstrated that the Department of State's decision was arbitrary and capricious, an abuse of discretion or otherwise not in accordance with the law. An Order consistent with this Memorandum Opinion is entered this same day.

SO ORDERED.

### ORDER

Upon consideration of Defendant's Motion for Summary Judgment, Plaintiff's Opposition thereto and Plaintiff's Cross Motion for Summary Judgment, and for the reasons stated in the Memorandum Opinion issued this same day, the Court finds that the Department of State's decision was not arbitrary and capricious, an abuse of discretion or otherwise not in accordance with the law. Accordingly it is hereby

ORDERED that Defendant's Motion for Summary Judgment is GRANTED; it is

FURTHER ORDERED that Plaintiff's Cross Motion for Summary Judgment is DENIED; it is

FURTHER ORDERED that judgment is entered for Defendant; and it is

FURTHER ORDERED that this case shall be removed from the docket of the Court.

SO ORDERED.