## PORTO RICO RY., LIGHT & POWER CO. v. COGNET et al.*

(Circuit Court of Appeals, First Circuit. December 22, 1924.)

No. 1630.

1. **Husband and wife ⊚⟿260, 270(1)—In Porto Rico, right of action for injury to wife community property, husband may sue for wife's injuries.**

In Porto Rico, right of action for injury to wife received during marriage is community property, and, under Civ. Code Porto Rico, §§ 159, 161, 1327, husband is representative of conjugal partnership, and may sue for such injury.

2. **Husband and wife ⊚⟿270(5)—Under statute of Porto Rico, wife proper party to husband's action for injuries to wife.**

Under Code Civ. Proc. Porto Rico, § 62, wife, though not necessary party, is proper party to husband's action for injuries to wife.

3. **Husband and wife ⊚⟿270(10)—Judgment for husband and wife for injuries to wife held not erroneous, though verdict for wife only.**

Where verdict for wife only, in action for personal injuries to wife, was shown by pleadings and evidence to be in favor of community and for both plaintiffs, judgment for both plaintiffs was not erroneous.

4. **Courts ⊚⟿323—Evidence held sufficient to warrant finding plaintiffs not domiciled in Porto Rico, giving United States District Court jurisdiction.**

Evidence *held* sufficient to warrant finding that husband and wife, suing for injuries to wife sustained in Porto Rico, were not domiciled in Porto Rico, and therefore, United States District Court had jurisdiction under Act March 2, 1917, § 41 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803qq).

5. **Trial ⊚⟿296(2)—Instruction as to wife's intention to return to former domicile held not misleading, in view of other instruction.**

Instruction that, if wife's intention to return to her former domicile was indefinite and doubtful, she was bona fide resident of Porto Rico, *held* not to mislead jury into belief that wife's intention alone was to be considered in determining domicile, in view of instruction covering domicile of both husband and wife.

6. **Domicile ⊚⟿1—Question of domicile decided on particular facts in each case.**

Question of domicile must be decided on particular facts in each case.

*Certiorari denied 45 S. Ct. 511, 69 L. Ed. —.

7. **Domicile ⊚⟿9—Evidence of wife's intention, relative to return to former domicile, held admissible as tending to show husband's intention.**

Though domicile of wife is that of husband, evidence of wife's intention, relative to return to former domicile, in absence of interruption of marital relation, was admissible as tending to show husband's intention.

8. **Street railroads ⊚⟿98(6)—Pedestrian may rely on car being run at customary speed.**

Pedestrian, familiar with usual rate of speed of street cars at dangerous street intersection, had right to rely on belief that car would run at customary speed. and testimony as to usual rate of speed was admissible.

9. **Street railroads ⊚⟿114(14)—Evidence held to warrant inference pedestrian knew usual speed of cars.**

Evidence *held* to warrant inference that pedestrian injured at intersection knew usual rate of speed of street cars at intersection.

10. **Evidence ⊚⟿539½(2)—Former motorman held qualified as expert to testify as to distance within which street car running at specified speed could be stopped.**

Former motorman, who had operated cars equipped with air brakes, and was familiar with car which struck pedestrian, was qualified to testify as expert as to distance within which car could be stopped while traveling at usual rate of speed.

11. **Street railroads ⊚⟿113(5)—Evidence as to distance within which car could be stopped admissible on question of speed.**

Evidence as to the distance within which street car running at usual rate of speed could have been stopped was admissible on question of speed at time of accident, where evidence was conflicting as to distance within which it was stopped.

12. **Street railroads ⊚⟿117(21)—Instruction that there was no evidence pedestrian knew of customary speed, or whether gong was sounded, held properly refused.**

Jury could reasonably infer from evidence that pedestrian, struck by street car at intersection, had often passed such point and that she knew customary rate of speed of cars and whether gong was usually sounded at intersection, and instruction that there was no evidence on such issues was properly refused.

13. **Street railroads ⊚⟿113(5)—Motorman's competency could be considered in determining issue of negligence in operating car.**

Jury could consider motorman's competency on issue of his negligence in operating car at excessive speed at dangerous street intersection, and hence instruction that question of competency could not be considered was misleading.

14. **Trial ⊚⟿252(1)—Instruction given must be applicable to facts disclosed by evidence.**

Instruction given must be applicable to facts disclosed by evidence.

**15. Trial ⟨⟩252(4)—Instruction that domicile of wife was that of husband held inapplicable.**

Where it was not claimed wife's domicile was different from husband's, instruction that her domicile was same as husband's was properly refused.

**16. Street railroads ⟨⟩117(7, 21)—Pedestrian's freedom from negligence and motorman's negligence held for jury.**

Evidence *held* sufficient as against motion for directed verdict to sustain finding that street car, which struck pedestrian at intersection, was running at excessive speed, and that pedestrian was not contributorily negligent.

**17. Appeal and error ⟨⟩930(1)—Evidence considered in light most favorable to verdict.**

On appeal from verdict for plaintiff, evidence must be considered in light most favorable to plaintiff.

In Error to the District Court of the United States for the District of Porto Rico; Odlin, Judge.

Action by Eugenie Cognet and another against the Porto Rico Railway, Light & Power Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Carroll G. Walter, of New York City (J. Henri Brown, of San Juan, Porto Rico, and Edward J. Patterson, of New York City, on the brief), for plaintiff in error.

Hugh R. Francis, of San Juan, Porto Rico, for defendants in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is a writ of error to the District Court of the United States for the District of Porto Rico. For convenience the parties will be designated as they were in the court below.

The plaintiffs, husband and wife, brought an action to recover for personal injuries received by the wife, Eugenie Cognet, through the alleged negligence of the defendant in the operation of a street railway in Porto Rico.

The defendant filed a demurrer to the complaint on the ground that the wife was neither a proper nor necessary party. This was overruled and error assigned.

[1] In Porto Rico, the right of action for an injury to the wife, received during marriage, is community property, and under sections 159, 161, and 1327 of the Civil Code of Porto Rico the husband is the representative of the conjugal partnership, and has the right to bring an action for such injury.

[2] Section 62 of the Code of Civil Procedure of Porto Rico is as follows:

"Sec. 62. All persons having an interest in the subject of the action and in obtaining the relief demanded, may be joined as plaintiffs, except when otherwise provided in this Code."

The defendant contends that, as the Supreme Court of Porto Rico in Vazquez v. Valdes, 28 P. R. 431, held that a complaint by a wife with her husband joined, to recover for injuries to the wife, "did not set forth a cause of action," this action in which both husband and wife are plaintiffs cannot be maintained.

We have examined the case cited, and, while the court there states that:

"It may be doubted whether, in the interests of simplicity, she (the wife) should be joined at all,"

It also states:

"We are aware, of course, that section 62 of the Code of Civil Procedure provides that all persons having an interest in the subject of the action may be joined and the wife may be a proper party in an action for injuries, but she is not the principal or necessary party to the action."

The court also held that:

"The theory of the complaint was clearly one of a right of action in the wife, and hence no cause of action was stated."

The complaint in that case is not before us. The court said of it, however: "The complaint before us was brought by the wife, assisted by her husband." It would seem from this that the wife had claimed as principal in the complaint a right of action belonging to her and that the husband joined in this complaint.

In the complaint in the case before us both the husband and wife are plaintiffs. Under section 62 the wife, while not a necessary, was a proper, party, and there was no error in overruling the demurrer.

The verdict of the jury was as follows:

[3] "We, the jury, find for the plaintiff, and assess her damages in the sum of four thousand nine hundred dollars, no cents, and costs."

And the judgment reads:

"It is considered and adjudged by the court that the plaintiffs herein, Eugenie Cognet and her husband, Alfred Cognet, do have and recover from the defendant, the Porto Rico Railway Light & Power Company, the sum of $4,900, with interest thereon at 6 per cent from this date until paid, and the costs in these proceedings to be taxed."

Defendant contends that, as the verdict was for only one plaintiff and the judgment for both, the latter does not conform to the

verdict, and should be reversed. No objection was raised by the defendant to the form of the verdict. The only issues submitted to the jury were whether the wife was injured through the negligence of the defendant, without any contributory negligence, and, if so, what damages should be assessed for such injuries. While, in form, the verdict was in favor of one plaintiff only, it was, in view of the pleadings and evidence, a verdict in favor of the community estate and for both plaintiffs, and the judgment was correctly rendered for both. There is no reversible error because of this seeming discrepancy between the verdict and judgment, as the pleadings disclose that the verdict was in fact in favor of both. There was no motion in arrest of judgment and no objection made by the defendant to the judgment which was entered.

At the close of all the evidence the defendant moved for a directed verdict in its favor upon the following grounds:

"(1) That upon the evidence plaintiffs were, at the time of the injury complained of and at the time of instituting this suit, domiciled in the island of Porto Rico.

"(2) That there is no evidence of any negligence on the part of the defendant or its servants that was the proximate cause of the injury suffered by plaintiff Eugenie Cognet, and upon which this action is based.

"(3) That, upon all of the evidence, plaintiff Eugenie Cognet was guilty of negligence which contributed as a proximate cause of her injury, in that she attempted to cross defendant's railway track or placed herself in such proximity to such track as to be struck by defendant's electric car at a time when the said car was within a short distance of the place where she was struck, without exercising any care or diligence to inform herself as to the proximity of the said car or to protect herself from injury."

Defendant also filed a motion that the court dismiss the complaint, for the reason that upon all the evidence, as a matter of law, plaintiffs were, at the time of the injury complained of and at the time this suit was brought, domiciled in the island of Porto Rico.

Both motions were denied by the court and exceptions taken by the defendant, and this is assigned as error.

Errors are also assigned because of the admission of evidence, the court's refusal to give requested instructions, and the giving of certain instructions.

Under Act March 2, 1917, c. 145; 39 Stat. 951, 965 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803qq), commonly called the "Jones Act," the jurisdiction of the United States District Court of Porto Rico is limited as follows:

"Said District Court shall have jurisdiction of all controversies where all of the parties on either side of the controversy are citizens or subjects of a foreign state or states, or citizens of a state, territory, or district of the United States not domiciled in Porto Rico, wherein the matter in dispute exceeds, exclusive of interest or cost, the sum or value of $3,000."

In Porto Rico Light and Power Co. v. Mor, 253 U. S. 345, 40 S. Ct. 516, 64 L. Ed. 944, the Supreme Court has held that the restrictive phrase "not domiciled in Porto Rico" is applicable to aliens as well as Americans. Whether the plaintiffs were domiciled in Porto Rico or not was submitted to the jury with careful instructions which, in substance, were requested by the defendant.

[4] There was evidence from which the jury could have found that the plaintiffs came from the island of Guadalupe to Porto Rico about 13 years before the accident, with the intention of returning to Guadalupe; that at the time the wife received her injuries she and her husband had made plans for returning to Guadalupe; that their children, two sons and a daughter, made their home with the father and mother and supported them. The wife testified that she came to Porto Rico because her oldest son was at work there; that she came to visit him and then to return; and that her intention of returning had never been changed.

The daughter testified that she came from Guadalupe to Porto Rico with her father and mother; that when they left Guadalupe her father and mother stated that they intended to come to Porto Rico for a pleasure trip and then return to Guadalupe; that about the time the war commenced preparations had been made by them to return to Guadalupe; that the return to Guadalupe had been talked over in the family prior to the commencement of the war and after it was ended and preparations were being made for it at the time of the injury to her mother.

[5] On the question of domicile the court gave this instruction:

"The court instructs the jury that, if you find that plaintiffs moved from Guadalupe to Porto Rico with the intention of remaining in Porto Rico for an indefinite time and as a place of fixed present domicile, or that some time after arriving in Porto Rico they had such intention, you should find

that they are domiciled in Porto Rico, notwithstanding that they may have entertained a floating intention to return to Guadalupe at some future period."

While the court in another part of the charge instructed the jury that they were to determine whether the intention of the wife to return to Guadalupe was bona fide or not, and that, if it was indefinite and very doubtful—a merely possible intention of returning to Guadalupe—she was really a bona fide resident of Porto Rico, thus dealing alone with the intention of the wife, we do not think this instruction could have led the jury to believe that her intention alone was to be considered in determining the domicile of herself and husband.

By their verdict the jury have found that the plaintiffs were not domiciled in Porto Rico, and that the District Court therefore had jurisdiction. Although there is much in the testimony that seems inconsistent with this finding, we cannot say that there was no evidence to support it.

In Chicago & Northwestern Ry. Co. v. Ohle, 117 U. S. 123, 6 S. Ct. 632, 29 L. Ed. 837, which was a case where the question of domicile was submitted to the jury, the court said:

"It is not for us to decide that the jury brought in a wrong verdict under a correct charge, if the record shows, as it does, that there was some evidence to support the finding which was made."

[6] If the jury believed the testimony of the mother and her daughter, they were warranted in finding that both husband and wife were not domiciled in Porto Rico at the time the suit was brought. The question of domicile must be decided upon the particular facts presented in each case.

[7] The court allowed the wife, over the objection of the defendant, to state her intention when she left Guadalupe, and this is assigned as error; the defendant contending that the domicile of the wife was that of the husband and that her intention in going to Porto Rico was immaterial.

While it is true that the domicile of the wife is that of the husband, yet evidence of the wife's intention, under all the circumstances, was material and proper for the consideration of the jury in determining the intention of the husband as they came together and there was no evidence of any interruption of the marital relation. From evidence of her intention the jury might reasonably infer what the intention of the husband was.

The accident occurred in a suburb of San Juan called Santurce, where San Juan street intersects a highway known as the Carretera. The wife testified that she came out of San Juan street and started to cross the track of the defendant which ran along the Carretera from San Juan to Rio Pedras; that she looked first toward San Juan; that she saw no car coming from that direction, and that she then looked in the direction of Rio Pedras, and saw no car; that she started to cross the track, and was struck by a car coming from San Juan; that her eyesight and hearing were good, but she neither saw nor heard the car; that "it was coming so fast that it did not give her time to cross."

There was conflicting testimony in regard to the rate of speed of the car and also as to the obstructions to the view toward San Juan of one standing where the plaintiff was when she was struck, but it was established by uncontradicted testimony that the place where the accident happened was a dangerous one, being at the intersection of streets in a thickly inhabited part of the city, where there was a good deal of passing over the track.

[8, 9] A witness who had been employed as a motorman by the defendant and had run a car by the place of the accident eight times daily, for over 2 years, testified that the usual rate of speed at that place was seven or eight miles an hour, because there was a steep grade approaching San Juan street and because of the intersection of streets and the number of people usually there. This is assigned as error.

The wife had testified that she had crossed the track at this point frequently in going in and out of San Juan street, and the jury could fairly infer that she knew the usual rate of speed at which cars passed there. If they should find that she did, then she had a right to rely upon a car being run at the customary rate of speed and with the usual caution when she attempted to cross the track at that place. There was no error in the admission of this testimony.

[10] The same witness was also asked as to the distance in which the car which struck the plaintiff could have been stopped if being run at the usual rate of speed at the place of the accident. The witness had testified that, in his service as a motorman, he had run the cars of the company equipped with air brakes for 2½ years, and was familiar with car No. 20 that struck the plaintiff and that, if it was being run at the usual rate of speed, which he had testified

to be seven or eight miles an hour at the place of the accident, it could have been stopped within three or four meters. The witness from his experience had qualified himself to testify as an expert upon this question, and his testimony was properly admitted, confined as it was to the place of the accident and the car which struck the plaintiff, which the witness had previously run and with whose equipment he was familiar.

[11] There was conflicting testimony as to the distance in which the car was stopped after the accident, and this testimony was admissible as bearing upon its rate of speed when the plaintiff was struck.

[12] Defendant requested the court to instruct the jury that:

"There is no evidence in this case that the plaintiff had knowledge of or relied upon any custom of defendant company as to speed and as to the gong."

The refusal to give this instruction is assigned as error.

There was evidence that the wife had passed the place of the accident many times and knew that the electric cars ran by there at frequent intervals. From this evidence the jury could reasonably infer that she knew the customary rate of speed at which cars were run at this point and whether the gong was usually sounded in approaching the intersection of the two streets.

The court could not determine as a matter of law that there was no evidence that she had knowledge of or relied upon a custom of the defendant company as to speed and as to the gong, and there was no error in refusing this instruction.

[13] Error is assigned because the court refused to give the following instruction:

"The court instructs the jury that you are not authorized to take into consideration whether defendant's motorman, Orlando, was competent or incompetent; that the only question to be considered is whether or not he was guilty of negligence on the occasion resulting in plaintiff's injuries."

While it is true, as stated in the requested instruction, that the only question for the jury to consider was whether or not the motorman was guilty of negligence on the occasion of the accident, yet, as bearing on the speed of the car and the caution with which it was being operated at this concededly dangerous place, the jury had a right to take into consideration the competency or incompetency of the motorman. The instruction, if given, would be likely to be misleading and cause the jury to understand that in determining the question of negli-

gence they were to leave out of their consideration the skill and experience of the motorman. There was no error in refusing this instruction.

[14, 15] The following instruction was requested and denied, and error assigned:

"That the domicile of plaintiff Eugenie Cognet is that of her husband, Alfred Cognet."

Instructions given must be applicable to the facts disclosed by the evidence. No contention was made that the domicile of the wife was not that of her husband. The question presented was whether this couple, under the instructions given by the court, had acquired a domicile in Porto Rico. Husband and wife came from Guadalupe to Porto Rico together, and in her testimony the wife had stated that:

"We were on the point of returning back again when this accident took place and we had to postpone the return trip."

The court instructed the jury that to give the District Court jurisdiction it was necessary to find that the plaintiffs did not have their domicile in Porto Rico; thus, by the use of the plural, including both husband and wife. It was not claimed that the domicile of the wife was different from that of the husband. Therefore the requested instruction had no application, and was properly refused.

[16] The other assignments of error relate to the merits of the case, involving the defendant's alleged negligence and the plaintiff's contributory negligence upon which defendant grounded its motion for a directed verdict. There was evidence from which the jury could have found that the car which stuck the plaintiff was proceeding from San Juan toward Rio Pedras; that before reaching San Juan street there was a stop designated as "16"; that in the vicinity of this stop there was a curve in the track and, beyond, toward San Juan street, quite a steep grade, down which the car was coming under its own momentum at the time of the accident without giving any warning of its approach; that its rate of speed was greater than that at which cars were usually run at this point; that the motorman had had only about 6 months' experience; that the view in the direction of San Juan from the intersection of San Juan street with the Carretera was obstructed by palm trees and the branches of another tree which extended over the sidewalk and out toward the track; that the nearest rail of the track was within about a meter of the sidewalk on the Carretera along which the plaintiff was proceeding; and that as

she started to cross the track she looked first toward San Juan and then toward Rio Pedras, and was struck as she was looking in that direction. This, in substance, was her testimony, and in this she was corroborated by several eyewitnesses, who testified that no warning was given of the approach of the car; that they saw her look, as she testified, before she attempted to cross the track; that the car was running down the steep grade under its own momentum at a much higher rate of speed than cars were usually run at that point; one of them placing it at twenty or twenty-five miles an hour.

[17] Witnesses for the defendant testified that the bell was sounding and the car was not being run at an unusual rate of speed at the place of the accident; but in determining, as it is our duty to do, whether there was any evidence upon which the verdict of the jury can be sustained we must consider all the evidence in the light most favorable to the plaintiff.

The distance which the car ran after the the plaintiff was struck before it could be stopped indicates that the car was being run at an unusual rate of speed at a place which the conductor of the car characterized as a dangerous one. The rate of speed of the car, whether warning signals were given or not, and whether, under all the circumstances of the case, the plaintiff was guilty of any contributory negligence in not exercising due caution before attempting to cross the track, were all questions for the jury; and, if there was any substantial evidence to sustain their verdict, arrived at by considering conflicting evidence, it must be sustained.

We find no merit in any of the errors assigned, and, as we think that there was substantial evidence to sustain the verdict, the entry must be:

The judgment of the District Court is affirmed, with costs to the defendants in error in this court.