Sixta Guadalupe, Petitioner, *v.* District Court of San Juan, Respondent.

No. 1600.—Argued June 25, 1945.—Decided July 12, 1945.

*Víctor J. Vidal González* for petitioner. *R. Prieto Azúar* for intervener, defendant in the main action.

Mr. Justice Snyder delivered the opinion of the court.

On June 19, 1944, Sixta Guadalupe filed a complaint in the district court against Alfredo Acin Vall-Lloberas. She alleged that on February 3, 1944, she was seriously injured when she was struck, while on the sidewalk, by a bicycle operated by a minor who was using the bicycle as a messenger for the defendant who operates a drug store. The prayer is for damages in the amount of $6,000.

The caption of the complaint reads: "Sixta Guadalupe, assisted by her husband José Rivera, plaintiff, v. Alfredo Acin Vall-Lloberas, defendant". This same phrase is repeated in the preliminary paragraph reciting the appearance of the plaintiff, in the first paragraph of the complaint, and

in the prayer. However, in the body of the complaint itself, the plaintiff recites only the damages to herself; and she makes a claim only for herself; and not for the community partnership. The defendant concedes that the claim ·for damages is couched in such language. Indeed, he filed a motion to dismiss precisely on the theory that in the complaint damages for the wife only, and not for the community partnership, were claimed.

The lower court overruled the defendant's motion to dismiss. The defendant moved for reconsideration thereof. At this stage of the case, on February 23, 1945, the plaintiff moved for permission to amend her complaint. The plaintiff proposed by these amendments to eliminate the phrase "assisted by her husband" where it appears as aforesaid; and to add a paragraph "That the plaintiff is now 65 years of ·age, married and residing in Santurce, Puerto Rico, and appears in this case in her own name as she lives completely separate from her husband José Rivera, by whom she was abandoned twenty-eight years ago and with whom she never' has renewed marital relations."

The defendant opposed the motion. On April 25, the district court entered an order denying the motion.[1] We granted certiorari to review this action of the lower court.

---

[1] The order of the district court reads in part as follows:

"It is well settled in this jurisdiction that a married woman cannot file alone a suit for damages, unless she has been abandoned by her husband; that the damages awarded to either of the spouses is community property; and that as the husband is the administrator of the community property, he must prosecute the suit, a doctrine which is not altered by the fact that the wife appears assisted by her husband claiming damages for herself. (See *Vázquez* v. *Valdés et al.*, 28 P.R.R. 431; *Vázquez* v. *P. R. Ry., Lt. & P. Co.*, 35 P.R.R. 59 *Irizarry* v. *Díaz*, 35 P.R.R. 132; *Flit* v. *White Star Bus Line, Inc.*, 49 P.R.R. 139,, 50 P.R.R. 95; *González* v. *White Star Bus Line, Inc.*, 53 P.R.R. 328; *Porto Rico Ry., Light & Power Co.* v. *Cognet*, 3 F.(2d) 21).

"The original complaint, as drawn, does not state facts constituting a cause of action; it does not exist; and the attempt is made by an amended camplaint to bring into the suit, as plaintiff, the only party who had any interest when the suit was filed. That cannot be done by amendment. (*González* v. *White Star Bus Line, Inc.*, supra; *Morán* v. *District Court*, 55 P. R. R. 618)."

■■ As the district court points out, money recovered during wedlock for personal injury to the wife is community property; and a wife cannot sue therefor in her own name unless she is living apart from her husband because he has abandoned her. *Vázquez* v. *P. R. Ry., Lt. & P. Co.,* 35 P.R.R. 59. But in determining whether a particular suit has been filed on behalf of the community partnership or the wife alone, we must look to the allegations in the body of the complaint.

We made this clear when we stated recently that *Vázquez* v. *Valdés et al.,* 28 P.R.R. 431, cited by the district court, "was an action to recover damages for personal injuries sustained by the wife. The action was brought by the latter, assisted by her husband, and after it was held that the action must be brought by the conjugal partnership, the judgment dismissing the complaint was affirmed *on the ground that it appeared from the wording of the complaint that the action had been brought for the benefit of the wife and not in favor of the conjugal partnership."* (*Segarra* v. *Vivaldi,* 59 P.R.R. 797, 802–3; italics ours).

On the other hand, in the *Segarra* case, entitled "Monserrate V. de Segarra, assisted by her husband Antonio Segarra," it was alleged in the body of the complaint that the *plaintiffs* sustained damages. We therefore concluded that it had been brought (p. 805) "not for the exclusive benefit of the wife, but for that of the conjugal partnership." We then went on to hold that (pp. 803–4) "As the suit was brought by the wife assisted by her husband Antonio Segarra, the latter is a party to the same. . . . Therefore, in the present case it could properly be said that the appearance of the wife is surplusage and, this being so, such appearance might be disregarded, leaving that of the husband who, as the administrator of the conjugal partnership, is entitled to represent the latter in the action."

Here the facts are the converse of the *Segarra* case; but the principle of that case nevertheless controls. That is to say, the substantial allegations here make a claim for damages for the wife alone, and the suit is for her benefit exclusively. Therefore, in the phrase "Sixta Guadalupe assisted by her husband," the appearance of the husband, not that of the wife, is rejected as surplusage. Indeed, grammatically speaking, it is somewhat easier to reach the present result. In the *Segarra* case we found it necessary to explain that the husband's appearance arose from the use of the phrase "assisted by her husband". Here the wife unmistakably appears as a plaintiff.

The net effect is that in a suit for personal injuries suffered by a married woman, the phrase "the plaintiff assisted by her husband" is inconclusive. It may be a suit brought by the husband for the community partnership. Or it may be a suit by the wife making a claim for herself. The crucial feature of the case is the allegations in the body of the complaint. If the claim is for damages to the community partnership, the appearance of the wife is surplusage; if the claim is for the wife alone, the phrase "assisted by her husband" is surplusage.

In the original complaint herein the wife made a claim for herself. We therefore reject as surplusage the references to her husband. Once we reach that result, it is obvious that the wife was entitled to amend her complaint in order to allege a fact the absence of which made her complaint defective: abandonment by her husband many years ago. Such an amendment does not change the nature of the cause of action or replace the plaintiff with a completely new party plaintiff. It merely supplies a necessary fact for a cause of action which, except for this fact, the complaint already states on behalf of the plaintiff. The case is therefore clearly distinguishable from *Gonzáles* v. *White Star Bus*

*Line, Inc.,* 53 P.R.R. 328, and *Morán* v. *District Court,* 55 P.R.R. 618. Pursuant to Rule 15 *a,* Rules of Civil Procedure, the district court should have granted the motion of the plaintiff for leave to file the proffered amended complaint.[2]

The order of the district court denying the motion for leave to amend the complaint will be vacated and the case remanded for further proceedings not inconsistent with this opinion.

---

[2] See *Ruiz* v. *Ruiz,* 61 P.R.R. 794; *Jaume* v. *District Court,* 61 P.R.R. 163; *Municipality* v. *Ríos,* 61 P.R.R. 98; *Rodríguez* v. *The San Juan Fruit Co.,* 60 P.R.R. 425.