Marshall C. CORNS, Plaintiff,

v.

**INTER–AMERICAN UNIVERSITY OF PUERTO RICO, Defendant.**

No. C 446–62.

United States District Court
D. Puerto Rico,
San Juan Division.

May 8, 1963.

Roberto J. Matos, San Juan, P. R., for plaintiff.

Hartzell, Fernandez & Novas, and Antonio M. Bird, San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

This action is now before the Court on defendant's motion to dismiss, filed February 11, 1963, predicated on the ground that the Court lacks diversity jurisdiction because both parties are citizens of the Commonwealth of Puerto Rico.

A hearing thereon was held on March 1, 1963 at which the plaintiff, who has the onus probandi on the subject gave testimony on his own behalf and documentary evidence, consisting of 5 exhib-

its, was adduced in support of the allegation contained in paragraph 1 of the complaint in the sense that "plaintiff is a citizen of the State of Illinois, while defendant is a corporation existing under the laws of the Commonwealth of Puerto Rico".

Defendant offered no evidence whatsoever to contradict plaintiff's said proof. Oral argument was also heard at said hearing and the Court, in addition, granted counsel a period of ten days to file briefs. These were filed on March 14, 1963.

The Court is now duly advised in the premises.

■ Plaintiff's evidence amply supports his contention that in coming to Puerto Rico to perform his alleged contract with the defendant he did not give up or abandon his Illinois domicil and that he never had any intention to do so even though he rented a house in Puerto Rico to live with his family while working here for the defendant.

The law on the subject in this jurisdiction was established by the Court of Appeals for the First Circuit in Porto Rico Ry., Light & Power Co. v. Cognet, 1 Cir., 3 F.2d 21, at pages 23 and 24. Cert. den. 268 U.S. 691, 45 S.Ct. 511, 69 L.Ed. 1159.

Plaintiff's status in this action, as regards the existence of an *animus revertendi*, i. e. his intention to return to his Illinois residence after his work in Puerto Rico for the defendant terminated, and non-existence of an *animus manendi*, i. e. the intention to establish a domicil of choice here, is absolutely clear from the evidence in this incident.

In Godinez v. Jones (179 F.Supp. 135) this court ruled against the claim made by the plaintiff therein, that he had changed his domicil from Puerto Rico to the State of Virginia.

■ As stated in Restatement of the Law—Conflict of Laws, Sec. 15, p. 32:

"Sec. 15—Domicil of Choice.

(1) A domicil of choice is a domicil acquired, through the exercise of his own will, by a person who is legally capable of changing his domicil.

(2) To acquire a domicil of choice, a person must establish a dwelling-place *with the intention of making it his home*.

(3) The fact of physical presence at a dwelling place *and the intention to make it a home must concur*; if they do so, even for a moment, the change of domicil takes place.

(4) A person can acquire a domicil of choice only in one of three ways:

(a) having no home, he acquires a home in a place other than his former domicil;

(b) having a home in one place, he gives it up as such and acquires a new home in another place;

(c) Not applicable here.") (Emphasis supplied).

In Godinez v. Jones, supra, this Court found that at least the factual element, i. e. the *physical presence* of the therein plaintiff and his wife at a *dwelling place* in Virginia *was missing or absent*, even if said plaintiff's testimony as to his and his wife's *intentions* to establish a new domicil were found to be lawfully existent (which the Court did not find to be so).

Here, as in Porto Rico Ry. Light & Power Co. v. Cognet, supra, this Court finds that although the evidence supports the existence of the factual element, i. e. the physical presence of the herein plaintiff and his wife at a dwelling place in Puerto Rico, it however fails to support, indeed rejects the other indispensable element, i. e. plaintiff's and his wife's intention to make said Puerto Rican dwelling their home and further establishes their intention to return to their Illinois domicil.

■■ It follows, therefore, that Illinois is still the plaintiff's domicil to which he intends to return upon termina-

tion of his work for defendant in Puerto Rico; that his physical presence at a dwelling place in Puerto Rico for the purpose of his work here does not concur with any intention on his part to make it a home and no change of domicil has lawfully taken place; that diversity of citizenship between said plaintiff and the defendant herein, pursuant to 28 U.S. C.A. § 1332, sub-sections (a) (1) and (d) is present in this action, and the amount in controversy allegedly being in excess of $10,000.00, exclusive of interest and costs, this Court has original jurisdiction thereof, and that defendant's motion to dismiss must be, as it is hereby ordered denied.

Defendant is granted a period of 10 days to file its responsive pleading to the complaint.