**William KIDD, Plaintiff,**

v.

**HILTON OF SAN JUAN, INC., Clubman, Inc., and Corporación Hotelera de Puerto Rico, Defendants.**

Civ. No. 380–65.

United States District Court
D. Puerto Rico,
San Juan Division.

Feb. 8, 1966.

Baker & Woods, San Juan, P. R., for plaintiff.

McConnell, Valdés & Kelley, Mario Canales Delgado, Correa Suárez, González Correa & Santos Correa, San Juan, P: R., for defendants.

CANCIO, District Judge.

This case is before us on motions by each of the defendants to dismiss the action for lack of jurisdiction under 28 U.S.C. 1332.

In the complaint, plaintiff averred that he is a citizen of the United States and a resident of the State of New Hampshire. He further asserted that the defendant Hilton of San Juan, Inc. is a corporation organized and existing under the laws of Delaware, being qualified to do business in the Commonwealth of Puerto Rico; and that defendants Clubman, Inc. and Corporación Hotelera de Puerto Rico are corporations organized and existing under the laws of the Commonwealth of Puerto Rico. Jurisdiction is claimed under 28 U.S.C. 1332.

Defendants rely on two arguments to deny diversity jurisdiction. In the first place, they insist that plaintiff, William Kidd, is actually a domiciliary of the Commonwealth of Puerto Rico. In the second place, defendants argue that the plaintiff is not the real party in interest; but that the real party in interest in Ponce de León Men's Shop, Inc., allegedly a *de facto* corporation which defendant would be estopped from denying.

Hearings were heard on the motions, evidence relating to the question of jurisdiction was received, and briefs were requested and presented.

1. The first question presented ·is whether or not plaintiff was a resident of the State of New Hampshire at the time this action began; or whether or not he was at that time a citizen of the Commonwealth of Puerto Rico.

Plaintiff has brought forth evidence to the effect that on August 23, 1965 he had already removed himself to the State of New Hampshire and that he did not intend to return to reside in Puerto Rico. This is partially in the form of a letter written by plaintiff on that date to his attorney.—Suit was filed on September 3, 1965.—He further offers as proof of his intention to be domiciled in New Hampshire hat he has withdrawn and closed his bank accounts in Puerto Rico; that he has given up his living quarters in Puerto Rico; that he sold his automobile and his household furniture; that what furniture was not sold was shipped to New Hampshire; that he has joined a Club in that State; that he has registered in a Church there; that he attempted to vote there but was unable to do it because of state residential requirements; that in New Hampshire he has submitted bids in order to get contracts on electrical engineering work, because he has made the decision of practicing privately his profession, electrical engineering; that he has opened bank accounts in New Hampshire.

Having considered all of these factors, including the letter (which might be thought of as self-serving), and having heard the plaintiff's testimony, which was

perfectly credible to the Court, we must come to the conclusion that the plaintiff has in effect abandoned his domicile in Puerto Rico and has acquired domicile in New Hampshire, and that this event happened before the date the suit was filed.

■■ To constitute "domicile", there must be both the fact of a fixed habitation or abode in a particular place and an intention to remain there permanently or indefinitely (*animus manendi*). Owens v. Huntling, 9 Cir., 115 F.2d 160. Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile. Penn Mutual Life Ins. Co. v. Fields, D.C., 81 F.Supp. 54.

It appears from the arguments and the evidence brought forward that these two elements have been in existence at least since August 23, 1965. The fact that the plaintiff has returned to Puerto Rico in order to prosecute his claims, including the right to store space, are not indicative of an *animus revertendi*, for these claims, if substantiated, represent economic benefits which he can realize without having to return to Puerto Rico on a permanent basis. Once realized, these credits would be of a pecuniary value not only in Puerto Rico but also in New Hampshire and anywhere else.

■ Diversity is determined at the moment when the action is commenced. McNello v. John B. Kelly, Inc. (3rd Cir. 1960), 283 F.2d 96. Although this may not seem to be the best of rules, if the change is made with a *bona fide* intent to remain permanently, the motive of changing even if done in order to confer jurisdiction to this Court, is immaterial. Morris v. Gilmer, (1889), 129 U.S. 315, 9 S.Ct. 289, 32 L.Ed. 690. Be it as it may, as a matter of fact there is no evidence that could lead us to believe that that was his motive. On the contrary, he had plenty of motive to go back to his home state.

Hence, we conclude that the plaintiff's domicile is at present in the State of New Hampshire and that the jurisdiction of this Court can not be attacked on those grounds.

2. Defendant further contends that the real party in interest on the plaintiff's side is not plaintiff himself, the natural person, but rather "Ponce de León Men's Shop", which defendant claims is a *de facto* corporation.

■■ Under the *de facto* doctrine, an organization may be held to be a corporation *de facto* where there has been a colorable attempt [1] to make it a corporation *de jure*. Hence, it is necessary that several requirements exist. These requirements are essentially three:

(a) the existence of laws under which the corporation might have been validly incorporated;

(b) a colorable attempt to comply with that law; and

(c) some use or exercise of the corporate privileges.

■ A corporation *de jure* is one created in strict or substantial conformity to the governing corporation statutes, and whose right to exist and act as such can not be successfully attacked in a direct proceeding by the state. Fletcher Cyclopedia Corporations. Sec. 3760.

■ The *de facto* corporation is so defectively incorporated as not to be *de jure*. Nevertheless, it is necessary that the three conditions above mentioned exist in order to have a *de facto* corporation. Cf. Pearson Drainage District v. Erhardt, 239 Mo.App. 845, 201 S.W.2d 484.

■ The evidence presented in this case shows that plaintiff had the idea of incorporating into the "Ponce de León Men's Shop, Inc."; that he had that intention; but it also shows that he did not take the necessary steps towards carrying out that incorporation. The only piece of evidence tendered to show *de facto* incorporation is a lease agreement, drafted and written up by the defendants, where it is mentioned that "'Ponce de León Men's Shop, Inc.', [is] a corporation organized under the laws of the Commonwealth of Puerto Rico," and further on,

1. As it will be seen, "attempt" is not a synonym of "desire" or "intention".

in the same document, where plaintiff's manager, whom he wanted to make his partner, signed for the lessee. But there has been no showing as to the existence of any colorable attempt to incorporate.

Even the bank account for the business was under the name of William Kidd and not in the name of "Ponce de León Men's Shop, Inc.". Therefore, having considered all the preceding facts, we find that there is no *de facto* corporation present here, and that the real party in interest is the plaintiff herein; the natural person, William Kidd.

3. Defendant contends that plaintiff is estopped from denying the existence of the corporate entity called "Ponce de León Men's Shop, Inc." He must be thinking of the theory that sustains that where private litigants have acted in such a manner that other parties have, with good cause, been lead to rely to their detriment on the facts as held out of them, these litigants may be denied at equity the right to deny that those facts are as they held them out to be.

At equity, an estoppel will stand, in a case such as this, where a person has induced another to act or refrain from acting or conducting himself, in virtue of a misrepresentation, known to the proposer to be false (and not so known to the other party), whereupon the second party relies, and a denial of which will result in detriment to this party and benefit to the other. Universal Gas Co. v. Central Illinois Public Service Co., 7 Cir., 102 F.2d 164; United States v. McFarland, 4 Cir., 15 F.2d 823; United States v. Georgia Marble Co., 5 Cir., 106 F.2d 955; Nelson v. Chicago Mill and Lumber Corporation, 8 Cir., 76 F.2d 17, 100 A.L.R. 87.

The essential elements of an equitable estoppel are:

(a) ignorance of the party claiming estoppel of the matter asserted;

(b) silence concerning the matter asserted, where there is a duty to speak, thus amounting to a misrepresentation or concealment of a material fact;

(c) action by the party relying on the misrepresentation or concealment;

(d) damage resulting if the estoppel is denied;

(e) consistency in the party claiming estoppel.

Nelson v. Chicago Mill and Lumber Corporation, 8 Cir., 76 F.2d 17; James v. Nelson, 9 Cir., 90 F.2d 910.

If the party claiming the estoppel was in fact ignorant as to the truth of the existence of the corporation, this ignorance could very well have been remedied by inquiry (as to the status of incorporation) with the Secretary of State of the Commonwealth of Puerto Rico, whose records in this respect are open to inspection by the public and where each and every corporation must be registered. 14 L.P. R.A. 1103.

In the case at bar, there has been no showing of an actual misrepresentation. Hence, did plaintiff keep silence where there was a duty to speak? We think not. Even if silence was kept, there was no duty to speak on a matter which is open to public inspection.

Finally, defendant "Corporación Hotelera de Puerto Rico" has availed itself of the courts in the Commonwealth of Puerto Rico and has sued the plaintiff, the natural person William Kidd, in other actions relating to the same facts. In so doing, defendant has recognized that plaintiff is not a corporation but an individual. This is inconsistent with the position taken here.

In view of the foregoing, we find that plaintiff is not estopped from denying corporate existence. Therefore, it is the ruling of this Court, and it is hereby so adjudged and ordered, that the motion of the defendants to dismiss for lack of jurisdiction be, as it is, hereby denied.