**MILLER PRESS FACTORY INC. OF PUERTO RICO and Herbert A. Miller, Individually, Plaintiffs,**

v.

**John T. DOUGLAS, Defendant.**

**Civ. No. 1002–73.**

United States District Court,
D. Puerto Rico.

Feb. 21, 1974.

Miguel R. Calderon, Hato Rey, P. R., for plaintiffs.

Fiddler, Gonzalez & Rodriguez, San Juan, P. R., for defendant.

## MEMORANDUM OPINION

TOLEDO, Chief Judge.

This cause came to be heard on January 17, 1974. Plaintiffs had requested that an injunction issue against defendant and this Court issued on November 26, 1973, an order to defendant directing

that he appear on January 17, 1974 to show cause why the relief sought by plaintiffs should not be granted. On January 9, 1974, defendant filed a motion to dismiss based on three grounds: lack of diversity of jurisdiction between the parties; lack of jurisdiction over the person of defendant; and comity.

At the hearing on the motion to dismiss held on January 17, 1974, defendant relied on the sworn statement of defendant and on certified copies of pleadings and other documents filed in the courts of the State of Georgia. Plaintiffs presented the testimony of Herbert A. Miller and certain documents identified by him and admitted in evidence by this Court.

Based on the testimony and the documentary evidence presented by the parties, the Court makes the following

## FINDINGS OF FACT

1. Plaintiff Herbert A. Miller resided in Puerto Rico from 1956 to 1970. In 1956 he organized, together with Doris Douglas Miller, then his wife, Miller Dress Factory, Inc. of Puerto Rico, a Puerto Rican corporation. The corporation operated in Barceloneta, Puerto Rico, for several years, but for various reasons, it ceased operations on or before 1961. Shortly thereafter, all the machinery of the corporation was shipped to the State of Georgia, specifically to the location of another plant owned by another corporation of which Herbert A. Miller was principal stockholder. That other corporation was organized under the laws of the State of Georgia as Miller Dress Factory, a Georgia corporation, Baxley, Georgia.

2. Plaintiff Herbert A. Miller lived and worked in Puerto Rico up to 1970 for various employers. He filed income tax returns in the Commonwealth of Puerto Rico up to the year 1969. There is no evidence that he owned property in Puerto Rico after the discontinuation of the operations of Miller Dress Factory, Inc. of Puerto Rico in 1961 and it is clear that he has owned no property in Puerto Rico since at least 1970.

3. Herbert A. Miller possesses an expired driver's license issued by the Commonwealth of Puerto Rico and maintains a post office box in Arecibo, Puerto Rico.

4. Plaintiff Miller travels three or four times a year to Puerto Rico for personal, not business, reasons and on those occasions he lodges at a house in Arecibo, Puerto Rico, provided free of charge by a friend.

5. Miller stated that his only income is a monthly disability benefit of $240.00 paid to him by the Government of the United States. The checks for this amount are mailed to the Arecibo Post Office box. Miller stated that he picks up the checks on his visits to Puerto Rico. This Court finds it difficult to believe that the $240.00 monthly check constitutes Miller's sole income.

6. Plaintiff Miller owns a house in Appling County, Georgia, where he currently resides with his only close relative, his mother. The house stands on over 200 acres of land also owned by plaintiff. Miller also owns two airplanes and a junked helicopter which he keeps on his property in Appling County, Georgia. He also owns an automobile in Georgia and has stated in sworn pleadings that he owns a factory and a restaurant in Georgia, which he alleges are unlawfully detained by defendant.

7. Miller Dress Factory, a Georgia corporation, and Miller Dress Factory Inc. of Puerto Rico, according to sworn pleadings filed by plaintiffs before the Courts of the State of Georgia, currently operate from a location in Appling County, Georgia. These corporations have no other offices or places of operation elsewhere.

8. Herbert A. Miller, Miller Dress Factory, a Georgia corporation, and Miller Dress Factory, Inc. of Puerto Rico have filed a petition for injunction against John T. Douglas, defendant herein, before the Superior Court for the County of Appling, State of Georgia. In that action the same allegations are made as in the case now before us and

the same relief is sought. That action was filed on May 23, 1973 and is still pending before the Georgia Court. The only difference between that action and this is that the Georgia corporation is not a party to the present action. This might be explained by the fact that inclusion of the Georgia corporation in the case at bar would immediately defeat jurisdiction.

9. Herbert A. Miller has filed an action for divorce in the Georgia Courts against Dorothy Kauffman wherein he alleges that he is a resident of Georgia. In the application for a marriage license with Dorothy Kauffman, Miller gave his residence as Arecibo, Puerto Rico.

10. Herbert A. Miller is also contesting before the Courts of Georgia a divorce judgment decree rendered by the Superior Court for Appling County. That decree was rendered in the case of Doris Douglas Miller against Herbert A. Miller in 1967 and awarded Doris Douglas Miller title to the property involved in the case at bar. Herbert A. Miller has also filed an action before the Georgia Courts where he is contesting various matters related to the last will and testament of Doris Douglas, among which is the title to the property involved in the case at bar.

11. Defendant John T. Douglas, according to his own sworn statement and as admitted by Herbert A. Miller on the witness stand, had never been in Puerto Rico prior to the commencement of this action. All of the actions complained of in the petition for injunction took place in Georgia. The sole basis for plaintiffs' claim that this Court has jurisdiction over the person of defendant is that both plaintiffs are allegedly citizens of Puerto Rico.

In view of the above, the Court arrives at the following

## CONCLUSIONS OF LAW

■ The citizenship of a person for the purposes of diversity jurisdiction under Title 28, United States Code, Section 1332, is determined by his domicile.

Brown v. Keene, 8 Pet. 112, 33 U.S. 112, 8 L.Ed. 885 (1834). A person's domicile is determined by two factors: the objective fact of a person's residence or physical location and the subjective element of a person's intention. Mitchell v. United States, 21 Wall. 350, 88 U.S. 350, 22 L.Ed. 584 (1874). Thus, a soldier is ordinarily not considered to be domiciled in the place where he is stationed by military superiors, but in the place where he maintans a home. Similarly, a student is not considered to be domiciled where he goes to attend school, but at the place whence he left.

■ A Court must look for indicia of intentions once the physical fact of residence has been established. A person's statement of intention, if believed by the Court, is of course relevant. Other factors must also be considered, such as the place where a person maintains a residence or a place of business, where he owns property, pays taxes and exercises political rights. Mitchell v. United States, supra.

■ In the case at bar, Herbert A. Miller, has had certain ties to Puerto Rico, but these seem insubstantial at the present time. His assertion, in answer to leading questions from his attorneys, that he intends to return to Puerto Rico, did not carry much weight with the Court, particularly in view of other statements of his which were not credible and his reluctance to answer certain questions concerning his property. On the other hand, his ties to the State of Georgia are substantial. He owns property there, has filed a number of actions there, undoubtedly pays property taxes there and physically resides there with his only close relative. The relevant indicia of domicile point more to Georgia than to Puerto Rico. Cf. Seideman v. Hamilton, 173 F.Supp. 641 (D.C.1959).

Accordingly, there is no diversity of citizenship between Herbert A. Miller and defendant John T. Douglas, admittedly a domiciliary of Georgia. Since there is not complete diversity of citizenship between the parties, this Court

lacks jurisdiction over the subject matter of this action. Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435.

2. Miller Dress Factory, Inc. of Puerto Rico was incorporated in Puerto Rico but has not operated here since at least 1961. No corporate returns have been filed since 1957. The corporation maintains no offices in Puerto Rico. It does operate, however, in Georgia, according to sworn allegations of plaintiffs in the petition for injunction filed before the Superior Court for the County of Appling, State of Georgia. (Defendant's Exhibit D).

■■ For the purposes of diversity jurisdiction, a corporation is a citizen of both its place of incorporation and its principal place of business. Title 28, United States Code, Section 1332(c). The principal place of business of plaintiff corporation has not been in Puerto Rico since at least 1961 and is currently in Georgia. There is no diversity of citizenship, therefore, between defendant and plaintiff corporation. For this additional reason, this Court has no jurisdiction over the subject matter of this controversy. Strawbridge v. Curtiss, supra.

■ 3. Defendant John T. Douglas had never been in Puerto Rico before the commencement of this action. All of the acts allegedly committed by him took place in Georgia. He has had no contact with Puerto Rico. This Court, therefore, cannot validly assert jurisdiction over him. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); A. H. Thomas v. Superior Court, 98 D.P.R. 883 (1970).

■ 4. Plaintiffs have filed, prior to filing their petition before this Court, an action before the Courts of Georgia which is nearly identical with this one. That action is currently pending in Geor-

gia. Principles of comity, even if the jurisdictional obstacles discussed above were not present, would lead us to dismiss this action and direct plaintiffs to pursue the remedies available in the Courts of Georgia, which they are already seeking.

■ The doctrine of comity is quasi jurisdictional. An argument based on comity is directed to the Court's discretion and relies on notions of avoidance of unnecessary duplication of efforts and procedures and on the respect due by one Court towards another Court which has already asserted jurisdiction over a controversy. Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540; Mattei v. V/O Prodintorg, 321 F.2d 180 (1 Cir. 1963). The necessary elements for application of the doctrine of comity are present in this case and no valid reasons for ignoring comity have been asserted.

■ 5. Plaintiffs have shown obstinacy in filing their action before this Court in view of the obvious absence of subject matter jurisdiction and jurisdiction over the person of defendant. The obstinacy is particularly clear since plaintiff Herbert A. Miller has filed an almost identical action, still pending, before the Georgia Courts, against defendants.

Defendant has been forced to retain counsel in Puerto Rico and to travel here to confer with his attorneys, to obtain exemplified copies of pleadings filed in the Courts of Georgia and to defend against an action in what is clearly an inappropriate forum.

A finding of obstinacy on the part of plaintiffs entitles defendant to an award of attorney's fees. Marston v. American Employers Insurance Co., 439 F.2d 1035 (1 Cir. 1971); Pan American v. Ramos, 357 F.2d 341 (1 Cir. 1966).

In view of the foregoing, it is ordered that the petition of plaintiffs herein be and hereby is dismissed for lack of subject matter jurisdiction, for lack of ju-

risdiction over the person of defendant and for reasons of comity. Plaintiffs are jointly and severally ordered to pay to defendant the sum of $500.00 as attorney's fees.

A judgment will be entered accordingly.